### In re CANDOR DIAMOND CORP., Debtor.

Daniel McCOLLEY, Trustee of Candor Diamond Corp., Plaintiff,

v.

### M. FABRIKANT & SONS, INC., Defendant.

Bankruptcy No. 81 B 11594.
Adv. No. 82–6125A.

United States Bankruptcy Court,
S.D. New York.

Feb. 4, 1983.

Mitchell J. Devack, Franklin Square, N.Y., for M. Fabrikant & Sons, Inc.

Stroock & Stroock & Lavan, New York City, for trustee.

Hahn & Hessen, New York City, for John P. Maguire & Co., Inc.

### DECISION ON MOTION TO STRIKE DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

EDWARD J. RYAN, Bankruptcy Judge.

On or about September 22, 1982, Daniel McColley, trustee of Candor Diamond Corp., Debtor ("McColley") commenced the above captioned adversary proceeding against M. Fabrikant & Sons, Inc. ("Fabrikant"). Pursuant to 11 U.S.C. 547 McColley seeks to recover alleged preferential transfers in the sum of $25,375.11 made from Candor Diamond Corp. ("Candor") to Fabrikant.

In its answer dated October 11, 1982, Fabrikant generally denied the material allegations of the complaint and set forth six affirmative defenses to McColley's complaint. Fabrikant's fifth affirmative defense alleges that it should not be required to return any preferential payments because the recovery from Fabrikant is designed and intended exclusively for the benefit of John P. Maguire & Co. ("Maguire"), a secured creditor of Candor. Fabrikant claims that Maguire was guilty of ordinary and gross negligence and recklessness in the factoring of Candor's receivables, which negligence and recklessness enabled the principals of Candor to perpetrate a fraud upon its creditors causing losses to trade creditors including Fabrikant. Fabrikant claims that it would be unjust, unfair and inequitable to compel it to return monies where it acted diligently and where this return will benefit the secured creditor whose own negligence occasioned its loss.

McColley moved to strike Fabrikant's fifth affirmative as insufficient as a matter of law pursuant to Rule 12(f) of the Federal Rules of Civil Procedure made applicable to adversary proceedings in the bankruptcy court by Bankruptcy Rule 712(b).

Section 547 of the Bankruptcy Code, 11 U.S.C. 547, grants the trustee the right to avoid preferential payments. Section 547(b) states that except as provided in subsection (c) of that section, the trustee may avoid any transfer of property of the debtor if five conditions are met. The transfer must have been made (1) to or for the benefit of a creditor; (2) in payment of an antecedent debt; (3) while the debtor was insolvent; (4) within ninety days prior to the filing of the petition in bankruptcy and (5) the payment must have enabled the creditor to receive more than it would have received in a liquidation proceeding under the Bankruptcy Code. Section 547(c) enumerates six exceptions to the trustee's avoiding power.

The parties agree that Fabrikant's fifth affirmative defense does not fall within any of these enumerated exceptions. McColley contends that 547(c) contains the exclusive exceptions to the trustee's avoiding power. Fabrikant claims that this court has the equitable power to "judicially create" an exception that is not set forth in the statute. McColley's position is more sound.

A bankruptcy court may not exercise its equitable powers in a manner inconsistent with the Bankruptcy Code. *See SEC v. United States Realty and Improvement Co.,* 310 U.S. 434, 455, 60 S.Ct. 1044, 1053, 84 L.Ed. 1293 (1940). One who claims the benefits of an exception to the prohibition of a statute has the burden of persuasion. *U.S. v. First National City Bank,* 386 U.S. 361, 366, 87 S.Ct. 1088, 1092, 18 L.Ed.2d 151 (1967). As a general rule of statutory construction, where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent. *Andrus v. Glover Construction Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548 (1980). This court finds no indication that Congress intended the enumerated exceptions of 11 U.S.C. § 547 to be non-exclusive.

Other bankruptcy courts agree, and, thus, have refused to apply a judicially created exception to the trustee's power to avoid preferential transfers formulated under the Bankruptcy Act of 1898 to cases brought under the Bankruptcy Code of 1978 where such exception is not among those enumerated in 547(c). *See, e.g., In re Rustia,* 20 B.R. 131, 9 B.C.D. 6 (Bkrtcy.S.D.N.Y. 1982); *In re Thomas W. Garland, Inc.* 19 B.R. 920, 8 B.C.D. 1357 (Bkrtcy.E.D.Mo. 1982); *In re Bishop,* 17 B.R. 180, 8 B.C.D. 852, 5 C.B.C.2d 1515 (Bkrtcy.N.D.Ga.1982). *Contra In re Fulghum Construction Corp.,* 7 B.R. 629 (Bkrtcy.M.D.Tenn.1980) *aff'd* 14 B.R. 293 (D.C.M.D.Tenn.1981).

It may be that the allegations set forth in defendant's fifth affirmative defense might, if proved, constitute grounds for a cause of action against Maguire. However, these allegations are irrelevant to the inquiry of whether Fabrikant received preferential payments from Candor.

In conclusion, Congress has prohibited preferential transfers as defined in 11 U.S.C. § 547(b) and has set forth explicit exceptions to this prohibition. This court will not imply an additional exception. Therefore, plaintiff's motion to strike defendant's fifth affirmative defense is granted.

It is so ordered.