**In re Alan CHASEN, a/k/a Alan J. Chasen and Betty Chasen, Debtors.**

**Bankruptcy No. 887–70215–18.**

United States Bankruptcy Court, E.D. New York.

Oct. 5, 1987.

Robert L. Pryor, Mineola, N.Y., trustee.

Gary C. Fischoff, Garden City, N.Y., for debtors.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

The court has before it an objection by a Chapter 7 trustee to the claimed exemption by the debtors of funds in an Individual Retirement Account ("IRA").

Resolution of the issue involves interpretation of New York state law insofar as it was enacted pursuant to Congress' invitation to the states in § 522(b)(1) of the Bankruptcy Code (the "Code") to offer its domiciliaries exemptions different than those enumerated in § 522(d) of the Code.

In order to effectuate the intrinsic goal of modern bankruptcy law of providing an honest debtor a fresh start, § 544(b) of the Code provides that individual debtors may exempt from the reach of their creditors "property that is specified under subsection (d) of this section unless the State law that is applicable to the debtors ... specifically does not so authorize." 11 U.S.C. § 522(b)(1).

It is thought by many that the federal exemptions are too generous, therefore, many states have preempted the federal scheme with exemption statutes of their own. Accordingly, in 1982 New York State enacted ARTICLE 10–A—PERSONAL BANKRUPTCY EXEMPTIONS of the Debtor Creditor Law. The state scheme essentially permits a debtor to exempt personal property up to the amount of $5,000.00. Should a debtor not utilize the full $5,000.00 by exempting certain chattels, then he "may exempt cash in the amount by which five thousand dollars exceeds the aggregate of his exemptions ... or in the amount of two thousand five

hundred dollars, whichever amount is less." N.Y.Debt. & Cred. § 283(2) (McKinney 1945). The statute goes on to define cash, which definition is the crux of the dispute in this case. "For purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state or local income taxes, and *deposit accounts in any state or federally chartered depository institution.*" *Id.* (Emphasis added.)

The trustee argues that an IRA is not included in this definition of cash and should become property of the estate. Surprisingly, a search of the case law has failed to unearth an interpretation of New York's bankruptcy exemption statute with respect to an IRA. For the reasons to be elucidated herein this court finds that an Individual Retirement Account in a state or federally chartered depository institution is within the purview of the definition of cash and properly exemptable as cash if in accordance with the other provisions of New York State's exemption scheme. The following are to be considered findings of fact and conclusions of law.

In support of his position, the trustee has submitted the Record of Proceedings of The Assembly of the State of New York for May 17, 1982, pp. 5331–5366 (hereinafter "Assembly Record"), wherein the relative merits of ARTICLE 10–A were debated. It is argued that the proponent of the bill, Mr. Roger J. Robach, was clear in his assertions that the cash exemption was not meant to include money market investments or stock. Assembly Record at 5339. The debate largely evinces the legislature's intent to protect the relatively unsophisticated investor. From this, the trustee would have this court hold that an IRA in a bank is a sophisticated investment vehicle not worthy of protection for the benefit of an individual debtor attempting to make a fresh start.

This court is unpersuaded that an IRA maintained at a bank is a sophisticated investment. Rather than protecting unsophisticated investors, the trustee's position would penalize innocent investors by dis-

couraging them from depositing their modest savings in financial instruments with higher yields for fear that should they need to seek bankruptcy protection in the future they will lose their savings. This relegates those with modest savings to ordinary, low interest savings accounts.

This the court will not do absent specific language in the statute or strong evidence in legislative history indicating that IRAs were specifically considered. Legislative history demonstrates that money market accounts and stock were considered, but makes no mention of IRAs which otherwise fit the definition. Moreover, while the proponent of the bill may have had other instruments in mind, it is quite possible that many in the majority that passed this bill relied on the ambiguity or use of very general language to permit just this type of interpretation.

Furthermore, there is evidence in the debate that the bill intended to favor thrift institutions and banks thereby encouraging people to deposit their funds in them. Assembly Record at 5360–61 (remarks of Mr. George Friedman). This has the salient effect of infusing them with cash, stemming recent incidents of insolvency and providing mortgage funds to borrowers. This intention to favor one type of institution does not extrapolate into an intention to favor one type of instrument or product offered by those institutions over others.

In addition, the statute makes no distinction between types of U.S. savings bonds, whether six month or ten year maturities with their attendant differences in value and investment objectives, and there is no reason to discriminate against different types of investments in federally or state chartered depository institutions merely because of different income tax consequences associated with deposits or withdrawals.

In further support of his position, the trustee cites *In re Bartley*, 33 B.R. 768 (Bankr.E.D.N.Y.1983), a case in which this court would not interpret the New York exemption statute to include corporate stock. In so holding, this court stated with respect to the persuasiveness attributed to legislative history: "[s]uch statutory definition [of cash] precludes an inquiry attempting to divine any superseding legislative intent." *Id.* at 772 (citation omitted). This court would not broaden the definition of cash in that case, nor will it restrict the definition in this case.

Moreover, this court has previously acknowledged both federal and New York policy to liberally construe exemption statutes in favor of debtors. *In re Arnold*, 33 B.R. 765, 767 (Bankr.E.D.N.Y.1983) (citations omitted). Authority has not been presented to strongly militate against today's holding, and the court is satisfied that its holding comports with the stated liberal interpretation policies.

For all of the foregoing, the trustee's objection to the debtors' claimed exemption of their IRA as cash because it is not within the New York statute's ambit is denied.

SO ORDERED.