**In re STERLING DIE CASTING CO., INC., Debtor.**

**STERLING DIE CASTING CO., INC., Plaintiff,**

v.

**LOCAL 365 UAW WELFARE AND PENSION FUND, Defendant.**

**Bankruptcy No. 190–10590–260.**
**Adv. No. 190–1046–260.**

United States Bankruptcy Court, E.D. New York.

Sept. 11, 1990.

Sachs & Kamhi, P.C. by Jeff Morgenstern, Carle Place, N.Y., for debtor.

Sipser, Weinstock, Harper & Dorn by Elmer Beberfall, New York City, for Local 365 UAW Welfare and Pension Fund.

## DECISION

CONRAD B. DUBERSTEIN, Chief Judge.

Sterling Die Casting Company, Inc. ("Sterling" or "the Debtor"), the Debtor herein, brings the within adversary proceeding against Local 365 U.A.W. Welfare and Pension Fund ("Local 365"), pursuant to § 547 of the Bankruptcy Code seeking to avoid alleged preferential transfers.

## FACTS

On November 9, 1989, Local 365 obtained a judgment in the United States District Court for the Eastern District of New York against Sterling for unpaid union contributions totalling $454,014.13. In its attempt to collect on the judgment, Local 365 levied against two bank accounts held by Sterling, and pursuant to an execution by the Kings County Sheriff, the sum of $15,000 was withdrawn from these accounts and turned over to Local 365. Additionally, the judgment was docketed in the Kings County Clerk's office on November 21, 1989, thereby creating a lien on Sterling's real property located at 743 39th Street, Brooklyn, New York.

Sterling filed a petition for relief under Chapter 11 on February 16, 1990, within 90 days of both the execution and the creation of the judicial lien. The Debtor alleges that both acts constitute preferential transfers. Accordingly, the Debtor, in its complaint, seeks to recoup the $15,000 and to avoid the lien.

Although in its answer, Local 365 does not dispute that the judgment was docketed and the funds were turned over, it disagrees slightly with the amounts set forth in the complaint. Moreover, Local 365 denies several other allegations necessary to find a preference liability.

The answer raises three affirmative defenses: 1) Sterling's Chapter 11 petition was not brought in good faith; 2) The Employee Retirement Income Security Act of 1974 ("ERISA"), operates such that payments made by Sterling on behalf of Local 365 employees to benefit plans cannot be recovered by Sterling as preferential transfers; and 3) Section 1113 of the Bankruptcy Code prohibits Sterling from recovering the monies paid to Local 365 by the bank because such recovery would constitute an attempt to avoid employer obligations under a collective bargaining agreement between Sterling and Local 365. In response to the answer, Sterling filed a motion to strike the three affirmative defenses on the grounds that, as a matter of law, the asserted defenses are insufficient to defend an action to avoid preferential transfers. For the reasons hereinafter set forth the motion to strike is granted.

## DISCUSSION

Rule 8(c) of the Federal Rules of Civil Procedure ("F.R.C.P.") requires that a responsive pleading must set forth certain enumerated affirmative defenses and "any other matter constituting an avoidance or affirmative defense." The proper procedure by which a plaintiff may challenge an affirmative defense is through a motion to strike. *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736–37 (N.D.Ill.1982). Although Sterling fails to cite statutory au-

thority for its instant motion, it is presumed that it is relying on F.R.C.P. 12(f) which permits the Court to "order stricken from any pleading any insufficient defense or any redundant immaterial, impertinent or scandalous matters." It is the primary procedure for objecting to an insufficient defense. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1380 (1977). While Rule 12(f) motions are looked at with disfavor, this does not mean it is never invoked. *Id.* An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances. *National Union Fire Insurance Co. of Pittsburgh v. Alexander,* 728 F.Supp. 192, 203 (S.D.N.Y.1989).

A motion to strike an insufficient affirmative defense under Rule 12(f) has been treated by many courts as a motion for summary judgment when the motion to strike was "directed at substance, rather than at the form of defendant's pleading." *Marco Holding Co. v. Lear Siegler, Inc.,* 606 F.Supp. 204, 213 (N.D.Ill.1985). For example, in *Paretti v. Cavalier Label Co., Inc.,* 702 F.Supp. 81 (S.D.N.Y.1988), a motion to strike was converted into a motion for summary judgment where both parties clearly viewed the motion as one for summary judgment by bolstering their papers with affidavits and other extrinsic evidence. In the instant case, the memoranda of law submitted by both parties deal with the motion to strike clearly on the merits and applicable law. Since neither party raises a procedural infirmity and the results awarded under both procedures would be the same, this Court chooses to recognize the motion to strike as one properly brought.

▇ The first affirmative defense raised by Local 365 is that the bankruptcy petition was not filed in good faith. The debtor argues that lack of good faith is not enumerated in § 547(c) as a possible defense to

preference liability and therefore it is wholly irrelevant to this action. In support of its position, the debtor cites certain cases which state that a presumption exists that when certain explicit defenses are enumerated, the inference of other exceptions are precluded in the absence of contrary legislative intent. *See National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974); *Andrus v. Glover Construction Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548 (1980). This rule of statutory construction has been extended to the area of preference liability. *See In re Candor Diamond Corp.,* 26 B.R. 850 (Bankr.S.D.N.Y.1983) (Additional exceptions to the trustee's power to avoid a preferential transfer will not apply where such exception is not among those specifically enumerated in § 547(c).). This Court adopts the reasoning followed in those cases and finds that while lack of good faith in filing a Chapter 11 petition is a proper ground for seeking dismissal of a case, it is insufficient as a defense to a preference action. Accordingly, the first affirmative defense should be stricken as being legally insufficient.

The second affirmative defense states that pursuant to Title 29 of the United States Code dealing with ERISA, particularly as set forth in 29 U.S.C. §§ 1056 and 1103, monies contributed by an employer to employees' benefit plans on behalf of the plan participants may not inure to the benefit of an employer and therefore, Sterling may not recoup the monies in question.[1] Here the only issue in dispute is whether the provisions of ERISA are applicable in the context of a bankruptcy proceeding or whether the bankruptcy laws override ERISA, allowing the recoupment of a preference in violation of Title 29 of the United States Code.

---

1. ERISA was enacted by Congress in 1974 in reaction to numerous cases of employer abuse of the employee benefit plan system. 2 Norton Bankr. L. & Prac. Monograph (1986). The Act provides "safeguards ... with respect to the establishment, operation and administration" of employee benefit plans. ERISA § 2(a), 29 U.S.C. 1001(a) 1982. Among these safeguards is that contained in § 206(d)(1), which stipulates that benefits provided under each pension plan "may not be assigned or alienated." ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1) (1982 & Supp.1984).

■ ERISA contains two preemption provisions. The first states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). Thus pension funds may not be subject to attachment by creditors of the employer. The second states that nothing in ERISA "shall ... supersede any law of the United States....." 29 U.S.C. § 1144(d) (1985). Therefore, it is abundantly clear that Congress intended the statute to be subordinate to all federal laws unless otherwise provided. ERISA's specific provision precluding interferences with the operation of federal law, renders the Bankruptcy Code superior and therefore effective over any ERISA provision to the contrary. *In re Goff*, 706 F.2d 574 (5th Cir. 1983); *See also In re U.S. Lines, Inc.* 103 B.R. 427 (Bankr.S.D.N.Y.1989) (ERISA's award of attorney fees pursuant to Bankruptcy Code § 502(g) would violate the proscription of 29 U.S.C. § 1144(d) to the extent the amount exceeds the award allowable under the Bankruptcy Code); *In re Ottawa Cartage, Inc.*, 55 B.R. 371 (N.D.Ill. 1985) (ERISA's underlying policy considerations did not compel subordination of preferential transfer provision of Bankruptcy Code); *In re Pulaski Highway Express, Inc.*, 41 B.R. 305 (Bankr.M.D.Tenn.1984). Had Congress desired to integrate the ERISA provisions into the Bankruptcy Code, just as it integrated parts of other statutes into the Code, it could have done so. *In re Miller Block Co., Inc.*, 63 B.R. 99, 102 (Bankr.W.D.Pa.1986). Congress could easily have added a provision into § 547 exempting ERISA payments from possible preference attacks.

In a case identical to the instant case, in *In re Pulaski Highway Express, Inc., supra,* the debtor transferred to its plan agency monies pursuant to a judgment obtained by it against the debtor for pension fund arrearages. The bankruptcy court held that the transfer must be returned as a preference under § 547 based upon the reasoning that the Bankruptcy Code supersedes ERISA.

■ This Court finds that the law is explicit with regard to the superiority of the Bankruptcy Code. Where the Code provides, pursuant to § 547, that the funds which were subject to the transfer must revert to the debtor, that provision of the bankruptcy law must prevail over ERISA. Accordingly, this Court finds that the second affirmative defense is insufficient as a matter of law, and the defense must be stricken.

■ As a third affirmative defense, Local 365 asserts that Sterling cannot recoup the monies paid over by the bank because such action is an attempt to avoid the obligations of the employer under the collective bargaining agreement. Furthermore, it argues that such action is prohibited except pursuant to the provision of 11 U.S.C. § 1113. This Court fails to see the connection between the instant proceeding and § 1113 which deals with the rejection of a collective bargaining agreement. In addition, as in the case of the first affirmative defense, there is nothing to indicate that Congress intended to exempt employer obligations under a collective bargaining agreement from potential preference liability. The payments made to the fund were not made in the ordinary course, but instead, were made pursuant to a levy and execution, therefore rendering Local 365 an ordinary judgment creditor. Inasmuch as the collective bargaining agreement should not apply to the collection on a judgment based upon a default thereon, there is no compelling argument to deny the motion to strike.

Accordingly, the debtor's motion to strike the three affirmative defenses is granted. Submit order consistent with this decision.