In re Robert L. TAFT, Debtor.

Robert L. TAFT, Appellant,

v.

Richard O'CONNELL, Chapter 7 Trustee of the Estate of Robert L. Taft, Appellee.

No. 94 CV 4979.

United States District Court, E.D. New York.

June 20, 1995.

Robert W. Tauber, Brooklyn, NY, for appellant.

Yost & O'Connell (Richard E. O'Connell, of counsel), Whitestone, NY, for appellee.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Appellant Robert L. Taft (the Debtor) appeals from an August 20, 1994 order (the Order) of Judge Marvin A. Holland of the United States Bankruptcy Court, Eastern District of New York, sustaining the objections filed by the Trustee in Bankruptcy, here the Appellee (the Trustee), to the Debtor's claims that his interest in (1) annuities

established pursuant to the Taft Consulting Corporation (the Corporation) Simplified Employee Pension and (2) part of an individual retirement account were not part of the bankruptcy estate.

## I

On August 13, 1981 the Corporation executed a Simplified Employee Pension—Individual Retirement Accounts Contribution Agreement (the Pension) whereby the Corporation agreed to contribute to individual retirement accounts or annuities on behalf of its employees. The Pension is a type of individual retirement account that permits the Debtor "to claim the tax benefits afforded" by section 408 of the Internal Revenue Code, 26 U.S.C. § 408(k). Pension, General Information ¶ 3.

Pursuant to the Pension, the Corporation contributed to three individual retirement annuities (the Annuities) on the Debtor's behalf. Under the terms of the Annuities the Debtor could, prior to his retirement, "withdraw all or part" of the accumulation value of the Annuities. Annuities ¶ 7. But neither the Debtor nor anyone else receiving payments under the Annuities could "assign, encumber or alienate" any of the payments and, to the extent permitted by law, neither the proceeds nor the payments could be encumbered or subjected to claims of creditors or legal process. Annuities ¶ 12. Further, if the Annuities were issued in conjunction with a retirement plan qualified under the Internal Revenue Code, the Debtor could not change their ownership or sell, assign, or pledge them as collateral. Annuities ¶ 27.

In addition to the Annuities, the Debtor established, sometime prior to August 1, 1990, a personally funded Individual Retirement Account (the IRA).

The Debtor filed for voluntary bankruptcy on August 1, 1990. He asserted that his interest in the Annuities was either excluded or exempt from the estate pursuant to 11 U.S.C. §§ 541(c)(2) & 522(b)(2). He also claimed a $2,500 portion of the IRA as exempt pursuant to 11 U.S.C. § 522(b)(2). The Trustee filed objections to the claims as to both the Annuities and the IRA, and the Debtor filed an answer to the objections.

The Bankruptcy Court sustained the Trustee's objections, concluding that because the Annuities (1) did not include restrictions on alienation enforceable under ERISA and (2) were not entitled to New York state statutory spendthrift protection, they were not excluded or exempted under 11 U.S.C. §§ 541(c)(2) & 522(b)(2). As to the claimed IRA exemption, the Bankruptcy Court sustained the Trustee's objection, finding that the Debtor had not challenged it.

This appeal followed.

## II

■ The court reviews the Bankruptcy Court's conclusions of law *de novo*, and its findings of fact under a clearly erroneous standard. *See In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988 (2d Cir.1990), *cert. denied sub nom. Air Line Pilots Ass'n Int'l v. Shugrue,* 502 U.S. 808, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991); Federal Rule of Bankruptcy Procedure 8013.

Under the pertinent language of § 541(a)(1) of the Bankruptcy Code, the filing by the Debtor of the bankruptcy case created an estate comprised of, with certain exceptions, "all legal and equitable interests of the debtor in property as of the commencement of the case." One of the exceptions is contained in § 541(c)(2), which excludes from the estate property that is subject to a restriction "enforceable under applicable nonbankruptcy law" on the transfer of a debtor's beneficial interest in a trust.

The Supreme Court in *Patterson v. Shumate,* 504 U.S. 753, 756–60, 112 S.Ct. 2242, 2246–47, 119 L.Ed.2d 519 (1992), held that the term "enforceable nonbankruptcy law" referred not merely to state law but to "any relevant nonbankruptcy law including federal law such as ERISA."

Property that is not excluded from the estate under § 541(c)(2) may nonetheless be treated as exempted from the estate under § 522(b). That subsection provides, in pertinent part, that, notwithstanding § 541, an individual debtor "may exempt from property of the estate" the property listed in § 522(d), unless the state law applicable to

the debtor does not so authorize. 11 U.S.C. § 522(b)(1).

New York law prevents debtors from utilizing the exemptions set out in § 522(d). *See* N.Y. Debt. & Cred.Law § 284. But § 522(b)(2)(A) permits debtors, as an alternative, to exempt property exempt under state law. Thus New York debtors may claim exemptions only under state law and under federal law other than § 522(d).

### A. *Exclusions under 11 U.S.C. § 541(c)(2)*

The Debtor says that the Annuities are excluded under § 541(c)(2) of the Bankruptcy Code because (1) they contain restrictions on alienation enforceable under ERISA and also because (2) they are entitled to spendthrift trust protection under New York Civil Procedure Law and Rules § 5205(c).

#### 1

■ ERISA provides in pertinent part in 29 U.S.C. § 1056(d) that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." The Debtor says that the Pension is a "pension plan" within the meaning of this section and that he may enforce the restrictions in the Pension. He points to 29 U.S.C. § 1132, which empowers "a participant, beneficiary or fiduciary" to bring a civil action "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."

But 29 U.S.C. § 1051 provides that various plans are not covered by that part of ERISA containing § 1056(d). These uncovered plans include, among others, "(1) an employee welfare benefit plan" and "(6) an individual retirement account or annuity described in 26 U.S.C. § 408 as qualifying for preferential tax treatment." As the Supreme Court has stated, "pension plans that qualify for preferential tax treatment under 26 U.S.C. § 408 are specifically excepted from ERISA's anti-alienation requirement." *Patterson*, 504 U.S. at 762–63, 112 S.Ct. at 2249 (parentheticals omitted). Therefore simplified employee pensions such as the Pension here are not required to contain restrictions on alienation.

In *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), the Supreme Court considered the import of ERISA's failure to require that "employee welfare benefit plans," as opposed to certain "pension plans," contain anti-alienation provisions. The Court noted that "when Congress was adopting ERISA, it had before it a provision to bar the alienation or garnishment of ERISA plan benefits," but chose not to impose that limitation with respect to welfare benefit plans. The Court viewed the omission as "significant," concluding that when Congress intended in ERISA to extend anti-alienation protection to "a particular type" of ERISA plan, it did so expressly in the statute. *Id.* at 836–37, 108 S.Ct. at 2188–89. *See also Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California v. Franchise Tax Bd.*, 909 F.2d 1266, 1280 (9th Cir.1990) ("anti-alienation provisions in the documents of a welfare trust cannot create a protection for the trust that Congress did not intend").

The reasoning of *Mackey* applies not only to a "welfare benefit plan" but also to "a particular type" of ERISA plan such as an "annuity," as exemplified by the Pension in this case, that qualifies for preferential tax treatment under 26 U.S.C. § 408.

Under the *Mackey* decision determining the effect of § 1051, the Annuities' non-statutory anti-alienation provisions are not enforceable under ERISA. Because those provisions are not "enforceable" under the "non-bankruptcy law" of ERISA, the Annuities are not excluded from the bankrupt estate by reason of § 541(c)(2) of the Bankruptcy Code.

#### 2

■ Effective July 7, 1989 Section 5205(c) of New York Civil Practice Law and Rules provided, in relevant part, that all "interests" in "trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from a Keogh (HR–10), retirement or other plan established by a corporation" qualified under section 401 of the Internal Revenue Code "shall be conclusively presumed to be spendthrift trusts" for all purposes, including all cases "arising" under the United States Bankruptcy Code.

The decisions of the New York courts have held that, under that section, individual re-

tirement accounts qualified under § 408 of the Internal Revenue Code, including simplified employee pensions, were not spendthrift trusts. *See Bank Leumi Trust Co. of New York v. Dime Savings Bank of New York,* 202 A.D.2d 578, 579, 609 N.Y.S.2d 267, 268 (2d Dep't 1994), *rev'd on other grounds,* 85 N.Y.2d 925, 626 N.Y.S.2d 999, 650 N.E.2d 846 (1995) (IRA not entitled to protection of C.P.L.R. § 5205(c)); *European American Bank & Trust Co. v. H. Frenkel, Ltd.,* 147 Misc.2d 423, 424, 555 N.Y.S.2d 1016, 1017–18 (N.Y.Sup.1990) (simplified employee pension not entitled to protection of C.P.L.R. § 5205(c)); *In re Iacono,* 120 B.R. 691, 695 (Bankr.E.D.N.Y.1990) (IRA not a spendthrift trust under C.P.L.R. § 5205(c)).

Under New York law as of August 20, 1994, the Annuities were not exempted from satisfaction of money judgments under N.Y. C.P.L.R. § 5205(c) and therefore were not excluded from the estate under § 541(c)(2) of the Bankruptcy Code.

### B. *Exemptions under 11 U.S.C. § 522(b)*

■ The Debtor says that the Annuities are exempt under § 522(b) of the Bankruptcy Code because (1) they contain restrictions on alienation enforceable under ERISA and (2) they are entitled to spendthrift trust protection under N.Y. C.P.L.R. § 5205(c). As discussed above, these claims are without merit.

The Debtor also says that a $2,500 portion of the IRA is exempt under § 522(b) pursuant to New York Debtor and Creditor Law § 283.

New York Debtor and Creditor Law § 283 permits a debtor to exempt from the estate personal property worth up to $5,000. *See* N.Y. Debt. & Cred. § 283(2); *In re Chasen,* 78 B.R. 400, 401 (Bankr.E.D.N.Y.1987). If a debtor's claimed personal property exemption is less than that amount, the debtor "may exempt cash in the amount by which five thousand dollars exceeds the aggregate of his exemptions ... or in the amount of two thousand five hundred dollars, whichever amount is less." N.Y. Debt. & Cred. § 283(2)(c).

"[C]ash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution." N.Y. Debt. & Cred. § 283(2). Funds in an individual retirement account in a state or federally chartered depository institution are "cash" for exemption purposes. *See In re Chasen, supra* at 402.

The Bankruptcy Court sustained the Trustee's objection to the Debtor's claim, pursuant to N.Y. Debt. & Cred. § 283(2)(c), of a $2,500 exemption in the deposit in the IRA, finding that the Debtor "did not oppose the relief requested by the Trustee regarding the funds deposited" in the IRA.

The Bankruptcy Court docket shows that on September 25, 1991, the Debtor filed an answer to Trustee's objection, stating among other things that "the exemption claimed by Debtor is for monies in 'deposit accounts in any State or federally chartered depository institution' and is therefore exempt or partially exempt pursuant to Section 283(2) of the Debtor and Creditor Law." The Bankruptcy Court apparently overlooked this part of the Debtor's answer.

Because the record does not reveal whether the IRA is deposited in a "state or federally chartered depository institution," this court cannot determine whether the exemption should be granted and remands the case to the Bankruptcy Court to decide that question.

### III

The court (1) affirms the Order to the extent that it sustains the Trustee's objection to the Debtor's claim that his interest in the Annuities was exempted or excluded from the estate, (2) reverses the Order to the extent that is sustains the Trustee's objection to the Debtor's claim that $2,500 on deposit in the IRA was exempted from the estate, and (3) remands the issue of whether a cash exemption under N.Y. Debt. & Cred.Law § 283 should be granted.

So ordered.