**In re Walter Joe SCHREINER, Debtor.**

**No. 99–59347.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 19, 2000.

Susan L. Rhiel, Frost & Jacobs LLP, Columbus, OH, Chapter 7 trustee.

Stephen E. Schafer, Columbus, OH, for debtor.

Walter Joe Schreiner, Columbus, OH.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

DONALD E. CALHOUN, Bankruptcy Judge.

This matter is before the Court on the Objection to Claim of Exempt Property filed by the duly appointed Chapter 7 case Trustee, Susan L. Rhiel (the "Trustee"). Walter Joe Schreiner ("Debtor") filed his response to the Trustee's objection. After the matter was heard by the Court, the parties submitted post-hearing briefs, and the matter was taken under advisement.

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### I *Findings of Fact*

Prior to the filing of this bankruptcy case, Debtor was a participant in The Equitable Life Assurance Society of the United States SARSEP Plan (the "SEP"). Debtor first contributed to the SEP, sponsored by his employer Collector Communication Corp., in 1993, and made yearly contributions to the plan of approximately 6% of his income. Debtor accumulated approximately $17,564.83 in the SEP, and asserts that amount should be exempt from the assets of his bankruptcy estate pursuant to O.R.C. § 2329.66(A)(10)(c). The Trustee objected to the Debtor's claimed exemption in the SEP, and asserted that any possible exemption could only arise under, and within the limits set forth in, O.R.C. § 2329.66(A)(10)(b).

At the hearing, Debtor was given the opportunity to assert an exemption for the SEP under O.R.C. § 2329.66(A)(10)(b). Debtor's counsel specifically declined, and stated that Debtor would only assert an exemption for the SEP under O.R.C. § 2329.66(A)(10)(c). The facts relevant for a determination of this issue are not in dispute. The only issue to be determined by this Court is where the SEP, defined by federal statutory law, fits within the Ohio exemption statute. Accordingly, the Court must analyze the two most likely bases for the exemption of SEPs, O.R.C. § 2329.66(A)(10)(b) and (c), neither of which make specific reference to SEPs.

### II *Conclusions of Law*

■ Whether the SEP is subject to an applicable exemption is only relevant if it is property of Debtor's bankruptcy estate, as defined in 11 U.S.C. § 541. Absent a specific exclusion, all of a debtor's legal and equitable interests become property of

the bankruptcy estate upon the filing of the petition for relief. Absent an applicable exemption, all property of a Chapter 7 bankruptcy estate is subject to administration by the case trustee.

In his post-hearing brief, Debtor argues that the SEP is subject to an exemption, but does not address whether the SEP is excluded from property of the bankruptcy estate. Debtor has apparently conceded that the SEP is property of the bankruptcy estate. This Court finds the SEP to be property of Debtor's bankruptcy estate, as other courts considering this issue have uniformly determined. *See, e.g., In re CRS Steam, Inc.,* 217 B.R. 365 (Bankr. D.Mass.1998); *In re Taft,* 171 B.R. 497 (Bankr.E.D.N.Y.1994), *aff'd* 184 B.R. 189 (E.D.N.Y.1995); and *In re Kellogg,* 179 B.R. 379 (Bankr.D.Mass.1995). Accordingly, the SEP may be administered by the Trustee, absent an applicable exemption.

■ Whether the SEP is exempt under O.R.C. § 2329.66(A)(10)(c) is a more troubling inquiry, especially given the paucity of case law on this topic. The statute provides an exemption from execution, garnishment, attachment or, in this case, from recovery by the Trustee, as follows:

> Except for any portion of the asserts that were deposited for the purpose of evading the payment of any debt . . . the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason of illness, disability, death, or age, to the extent that the assets, payments, or benefits described in division (A)(10)(c) of this section are attributable to any of the following:
>
> (i) Contributions of the person that were less than or equal to the applicable limits on deductible contributions to an individual retirement account or individual retirement annuity in the year that the contributions were made, whether or not the person was eligible to deduct the contributions on the person's federal tax returns for the year in which the contributions were made;
>
> (ii) Contributions of the person that were less than or equal to the applicable limits on contributions to a Roth IRA or educations individual retirement account in the year that the contributions were made;
>
> (iii) Contributions of the person that are within the applicable limits on rollover contributions . . .

O.R.C. § 2329.66(A)(10)(c).

Debtor argues that the SEP is in the nature of an "individual retirement account" or "individual retirement annuity", and is therefore subject to an unlimited exemption under O.R.C. § 2329.66(A)(10)(c). The Trustee argues that the SEP is "a pension, annuity, or *similar plan or contract* . . . " (emphasis added) under O.R.C. § 2329.66(A)(10)(b), and is only exempt to the extent proven reasonably necessary for the support of the Debtor or his dependants.

O.R.C. § 2329.66(A)(10)(b) provides an exemption for:

> . . . [T]he person's right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit-sharing plan . . . on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of the person's dependents . . .

The Trustee notes that O.R.C. § 2329.66(A)(10)(b) creates an exemption for pension type plans that are "akin to future earnings", *citing In re Hotchkiss,* 75 B.R. 115, 119 (Bankr.N.D.Ohio 1987); and *In re Bartholomew,* 214 B.R. 322 (Bankr.S.D.Ohio 1997). The Trustee argues that SEPs, unlike individual retirement plans and annuities, are a form of retirement plan designed for small businesses, and that the distinctions set forth

in 26 U.S.C. § 408(a) and (k)[1] demonstrate that SEPs are more analogous to employer sponsored pensions than individual retirement accounts. Upon a review of the relevant statutory language and case law, the Court concurs with the Trustee's argument.

The concept of the SEP was described by the court in *Kellogg,* 179 B.R. at 385–386 as follows:

Simplified Employee Pension Plans ("SEPs") were created so that employers who could not bear the administrative responsibilities imposed by the intricate rules governing qualified employee pension plans could still provide pension benefits comparable to those of qualified plans. Unlike a qualified plan, the employer does not maintain a trust arrangement to which it makes contributions. Instead, the employer makes contributions pursuant to the terms of a document referred to as a SEP arrangement or plan; the contributions are funneled to IRAs maintained for the individual employees. Although SEPs are easier to establish than qualified pension plans, they are subject to strict participation, nondiscrimination, contribution and withdrawal requirements. One salient feature of a SEP is that an employee must be permitted to make withdrawals from the plan. A SEP also enjoys the tax benefits provided to qualified pension plans; that is, individuals are not taxed on contributions or earnings until the plan is distributed ... However, there are differences between the tax rules applicable to SEPs and qualified plans. For example, the anti-alienation rule under 26 U.S.C. § 401(a)(13) is not a requirement under 26 U.S.C. § 408(k)—that is, the Internal Revenue Code provisions governing SEPs [citations omitted].

As noted by the court in *Kellogg,* there are differences between SEPs and qualified employer-sponsored retirement plans. There are also differences between SEPs and individual retirement plans and annuities.

26 U.S.C. § 408(k) defines a SEP as "an individual retirement account or individual retirement annuity ... with respect to which the requirements of paragraphs (2), (3), (4) and (5) of this subsection are met ..." There are significant distinctions between SEPs and individual retirement accounts and annuities in the statute. SEPs are subject to strict limitations regarding eligibility for participation by employees; contributions made by the employer; allowing withdrawals of contributions from the SEP; and the formula for making contributions to the SEP. 26 U.S.C. § 408(k)(2)–(5). Debtor would have the Court ignore these distinctions based on the introductory language defining SEPs. The Court finds, however, that the distinctions between 26 U.S.C. § 408(a) and (k) must be respected, and will not simply presume that SEPs be given the same exemption status as individual retirement accounts and annuities.

O.R.C. § 2329.66(A)(10)(c) is geared towards retirement accounts established by individuals, upon which the IRS has placed strict limits on allowable contributions. *See,* O.R.C. § 2329.66(A)(1)(c)(i)–(ii), and 26 U.S.C. § 408(a) and (b). Eligibility for such accounts is contingent on the individual having no qualifying employer-sponsored pension plan. The "reasonably necessary for support" limitation set forth in O.R.C. § 2329.66(A)(10)(b) is not found in O.R.C. § 2329.66(A)(10)(c), but may be inherent in the modest annual limits on allowable contributions to individual retirement accounts and annuities.

The Court also has reviewed the commentary to the Ohio exemption statute that was attached to Debtor's memorandum. That commentary states that "[a] taxpayer with earned income is permitted ... to set aside *a limited amount of the earned income per year for an individual retirement account or individual retire-*

---

1. Portions of the Internal Revenue Code.

*ment annuity ... The Internal Revenue Code (I.R.C.) limits the amount of this contribution that can be deducted ...* " (Emphasis added). SEPs are not subject to the limits on contributions to individual retirement accounts or annuities. Failing to recognize this distinction could unfairly benefit taxpayers making contributions to SEP plans in excess of the applicable limitations for the types of accounts described in O.R.C. § 2329.66(A)(10)(c). Neither the Ohio exemption statute, nor the Internal Revenue Code support such a result.

The SEP is an employer-sponsored plan that allows the employee to contribute more than the limits imposed on contributions to individual retirement accounts and annuities. The taxpayer's ability to make larger annual contributions, and an employer's opportunity to make contributions to a SEP (obviously not a possibility with individual retirement accounts or annuities, may explain the requirement that an exemption be conditioned on the account being reasonably necessary for support). Not all individuals are able to take advantage of employer-sponsored retirement plans, or to benefit from an employer's contributions to a plan. This lends further support to the conclusion that the SEP is more properly considered a "similar plan or contract" to those set forth in O.R.C. § 2329.66(A)(10)(b).

While SEPs may utilize individual retirement accounts or annuities as funding mechanisms, this merely allows the contributions to be funneled to each employee's retirement account. It does not, however, lead to the conclusion that the exemption status of the SEP be identical to that of an individual retirement account or annuity. It is difficult to "pigeon-hole" the SEP, something created and defined by federal statute, into a state law exemption statute that makes no reference to SEPs. It is also unfortunate that the Ohio legislature has not specifically identified the exemption statute into which it intended SEPs to be placed. However, based on the analysis set forth above, the Court finds that the most appropriate Ohio exemption statute for SEPs is O.R.C. § 2329.66(A)(10)(b). Accordingly, the Court finds that the SEP constitutes a "similar plan or contract" under O.R.C. § 2329.66(A)(10)(b), and reasonable necessity for support of the debtor or a dependent is a required element.

Debtor has chosen to proceed only under O.R.C. § 2329.66(A)(10)(c), and has made no showing that the SEP is reasonably necessary for the support of Debtor or a dependent. Accordingly, the Trustee has satisfied her burden of proving that the asserted exemption was not properly claimed. Fed.R.Bankr.P. 4003(c).

### III   Conclusion

For the foregoing reasons, the Court finds that the Chapter 7 Trustee's Objection to Claim of Exemption regarding Debtor's SEP account is well taken, and is hereby SUSTAINED. The SEP is property of Debtor's bankruptcy estate, and is subject to administration by the Chapter 7 Trustee as no proper claim of exemption has been asserted by Debtor

IT IS SO ORDERED.