**In re David G. BUZZA, and Patricia M. Buzza, Debtors.**

**No. 02–36269.**

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

Dec. 23, 2002.

Thomas C. Lonn, Westerville, OH, for Debtors.

Stephen D. Brandt, Dayton, OH, for Trustee.

## DECISION AND ORDER OVERRULING TRUSTEE'S OBJECTION AND ALLOWING EXEMPTIONS IN INDIVIDUAL RETIREMENT ACCOUNTS

WILLIAM A. CLARK, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334, and the standing General Order of Reference in this District. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

This matter is before the court on the Chapter 7 Trustee's Notice of Objection to Claim of Exemption [Doc. # 16–1]; and Debtor's Response to Trustee's Objection to Exemption [Doc. # 21–1]. The Chapter 7 Trustee ("Trustee") objects to the exemptions claimed by the Debtors, David and Patricia Buzza ("Debtors"), in three individual retirement accounts valued at $5400.00, $10,528.00 and $11,000.00 respectively. [See Doc. # 16–1 discussing Amended Schedule C, Doc # 10–1.] The exemptions are claimed under 11 U.S.C. § 522(b) and Ohio Rev.Code § 2329.66(A)(10)(c). Exemptions for individual retirement accounts or "IRAs" have been deemed appropriate under these provisions in previous cases. However, the Trustee argues that debtors may not rely on the state statute to exempt IRAs because the state statute is superceded by the preemption clause of the federal Employee Retirement Income Security Act of 1974 ("ERISA"). According to the Trustee, the Sixth Circuit's recent unpublished decision in *Lampkins v. Golden*, dealing with ERISA's preemption clause in a context outside of bankruptcy, supports her position. Based on this theory, the Trustee has lodged similar objections in several other bankruptcy cases.

The matter was heard by the court on November 7, 2002. The parties agreed that the facts were not in dispute and the only issue for the court to determine was whether ERISA preempted the Ohio statute exempting IRAs in bankruptcy. Following the hearing, the parties submitted post-hearing briefs. [Docs. # 23–1 and # 24–1.] The court is now prepared to render its decision on the issue.

### LEGAL ANALYSIS

#### A. Exemptions under the Federal Bankruptcy Code and State Law

To place the Trustee's objection to the Debtor's exemptions in the proper context, it is important to discuss the origin and purpose of exemptions under federal bank-

ruptcy law. The filing of a bankruptcy petition by a debtor creates an estate that is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case" wherever located or by whomever held. 11 U.S.C. § 541(a)(1). Fundamental to the bankruptcy process, as recognized by Congress, is the concept that the honest debtor may exempt, or keep, some of this property to start anew after obtaining bankruptcy relief. Thus, Congress created a list of property, codified in 11 U.S.C. § 522(d), that a debtor could exempt or retain free from the claims of the trustee and most creditors. However, Congress also allowed states to "opt-out" of this federally created list in favor of exemptions created under other federal, state or local law. 11 U.S.C. § 522(b).

Ohio is a state that has opted-out of the federal bankruptcy exemptions. Ohio Rev. Code § 2329.662. This means that when a debtor files a bankruptcy petition in Ohio, the debtor claims his or her exemptions under state law. At issue in this case is Ohio Rev.Code § 2329.66(A)(10)(c) which allows a debtor to exempt:

> ... the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason of illness, disability, death, or age, to the extent that the assets, payments, or benefits described in division (A)(10)(c) of this section are attributable to any of the following:
>
> (i) Contributions of the person that were less than or equal to the applicable limits on deductible contributions to an individual retirement account or individual retirement annuity in the year that the contributions were made, whether or not the person was

eligible to deduct the contributions on the person's federal tax return for the year in which the contributions were made;

> (ii) Contributions of the person that were less than or equal to the applicable limits on contributions to a Roth IRA or education individual retirement account in the year that the contributions were made;
>
> (iii) Contributions of the person that are within the applicable limits on rollover contributions under subsections 219, 402(c), 403(a)(4), 403(b)(8), 408(b), 408(d)(3), 408A(c)(3)(B), 408A(d)(3), and 530(d)(5) of the "Internal Revenue Code of 1986," 100 Stat.2085, 26 U.S.C.A. 1, as amended.

Ohio Rev.Code § 2329.66(A)(10)(c). The parties appear to agree that the IRAs at issue fall within the terms of this Ohio statute and, thus, would otherwise be exempt in bankruptcy. However, the Trustee asserts that the state law is preempted by ERISA and thus, the Debtors may not rely on this statute to retain their interests in individual retirement accounts. Instead, these funds should be turned over to the Trustee as property of the estate available for distribution to creditors. The Trustee's argument requires a thorough examination of ERISA and its intersection with federal bankruptcy law.

**B. ERISA and Its Impact on Exemptions**

■ The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, was designed to provide uniform federal regulation of employee benefit plans and to promote the interests of employees and their beneficiaries in such plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90–91, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). ERISA imposes participation, funding and vesting requirements on pension plans and sets various

uniform standards including rules concerning reporting, disclosure, and fiduciary responsibility, for both pension and welfare plans. *Id.* at 91, 103 S.Ct. 2890.

Central to the Trustee's objection to the Debtors' exemptions in the IRAs under Ohio law is the language of ERISA's preemption clause which states that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). Using this language, the Trustee makes a two-part argument. First, the Trustee argues that IRAs are "employee benefit plans" and, thus, the Ohio statute exempting IRAs is covered by ERISA's preemption clause. Second, the Trustee asserts that no exception to ERISA saves the Ohio statute from preemption. The court will address both issues.

### 1. Whether Individual Retirement Accounts are "Employee Benefit Plans"

As noted previously, ERISA's preemption provision preempts state laws that "may now or hereafter relate to any employee benefit plan ...." 29 U.S.C. § 1144(a). Under 29 U.S.C. § 1003(a), an "employee benefit plan" is defined as one that is established or maintained by an "employer," "employee organization or organizations representing employees," or "both." 29 U.S.C. § 1003(a)(1–3). A state law relates to an employee benefit plan if it has a connection with or reference to such a plan. *Shaw,* 463 U.S. at 97, 103 S.Ct. 2890.

The Sixth Circuit has not reached the issue of whether an individual retirement account, exempt under Ohio Rev.Code

§ 2329.66(A)(10)(c), falls under ERISA's definition of an employee benefit plan. However, the Bankruptcy Court for the Northern District of Ohio has recently addressed the issue. The court noted that Ohio's exemption for IRAs is "geared toward retirement accounts established by individuals." *In re Mitchell,* No. 02–13713, 2002 WL 31443051, at *3 (Bankr.N.D.Ohio Oct.31, 2002) (quoting *In re Schreiner,* 255 B.R. 545, 548 (Bankr.S.D.Ohio 2000)). Such IRAs are "self settled retirement accounts that are not maintained by an employer or an employee organization" and, as a result, "they are not employee benefit plans within the reach of ERISA." *Id.* at *3.

The Trustee argues, however, that IRAs are employee benefit plans under ERISA and cites the recent Sixth Circuit unpublished decision of *Lampkins v. Golden*[1] in support. In *Lampkins,* the plaintiff, a secretary in a Michigan law firm, won judgments against her employer for accrued benefits in her employer's profit sharing and pension plans. 28 Fed.Appx. 409, 410 (6th Cir.2002). Her employer, a lawyer, refused to pay the judgments claiming he had no assets or income despite his continued law practice. *Id.* The plaintiff discovered that the employer had placed some of his assets in a simplified employee pension (SEP), which is a type of individual retirement account established under 26 U.S.C. § 408(k). *Id.* The plaintiff attempted to garnish the SEP in an effort to collect her judgments. *Id.* After the district court granted summary judgment to the plaintiff, the defendant argued to the Sixth Circuit that the SEP was exempt from garnishment under both federal and state law. *Id.* at 411–13. In affirming the low-

---

**1.** The Sixth Circuit's decision in *Lampkins v. Golden* was not published by the court. Unpublished decisions are not binding precedent, but may be persuasive in the absence of controlling authority. *See* 6th Cir. R. 28(g); *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 201 n. 2 (6th Cir. BAP 1998).

er court's decision, the Sixth Circuit held that the SEP was not exempt under federal law, specifically ERISA's anti-alienation provision (29 U.S.C. § 1056(d)(1)), because IRAs, of which the SEP is one type, are specifically excluded from protection under this provision. *Id.* at 412–13. Thus, ERISA did not prevent the SEP from being garnished. Furthermore, the Sixth Circuit held that a Michigan state statute that purported to exempt from garnishment all § 408 individual retirement plans, was preempted by the language of ERISA's preemption clause which supersedes state laws relating to employee benefit plans. *Id.* at 414–15. Consequently, the plaintiff was able to garnish the SEP to satisfy the judgments.

Again, the court agrees with the Bankruptcy Court for the Northern District in its review of *Lampkins* and its determination that the Sixth Circuit's unpublished decision is both factually and legally distinguishable. As noted by that bankruptcy court:

> ... the employer-judgment debtor's account in *Lampkins* was a § 408(k) simplified employee pension rather than a § 408(a) individual retirement account. *See* 26 U.S.C. § 408(a) and (k). The significant difference between these two types of accounts (for purposes of this decision) is that a simplified employee pension is an employer-sponsored plan while an individual retirement account is not. *See In re Schreiner*, 255 B.R. at 549 ("The SEP is an employer-sponsored plan that allows the employee to contribute more than the limits imposed on contributions to individual retirement accounts and annuities.").

*Mitchell,* 2002 WL 31443051, at *4. In other words, a § 408(k) SEP meets the definition of an employee benefit plan under ERISA because it is established or maintained by employers for employees.

*See* 29 U.S.C. § 1003(a). However, a § 408(a) IRA is not sponsored by either employers or employee organizations and, consequently, is not an employee benefit plan falling under ERISA's preemption clause.

As a final argument, the Trustee asserts that all individual retirement accounts created under any provision of 26 U.S.C. § 408 are "employee benefit plans" because of the language of 29 U.S.C. § 1051(6). This ERISA statute provides that:

> This part [relating to participation and vesting requirements] shall apply to any employee benefit plan described in section 1003(a) of this title (and not exempted under section 1003(b) of this title) other than—
>
> > (6) an individual retirement account or annuity described in section 408 of Title 26 ....

29 U.S.C. § 1051. According to the Trustee, this section contemplates that all individual retirement accounts created under 26 U.S.C. § 408 are "employee benefit plans" and within the coverage of ERISA's preemption provision regardless of whether they are sponsored by an employer or employee organization. The court disagrees. Section 1051, by its language, limits employee benefit plans to the definition in 29 U.S.C. § 1003(a). As previously stated, § 1003(a) defines an employee benefit plan to be one established or maintained by employers, employee organizations or both. 29 U.S.C. § 1003(a)(1–3). Moreover, federal regulations governing ERISA clarify the limits of ERISA. See 29 C.F.R. 2510.3–2(a) ("This section clarifies the limits of the terms 'employee pension benefit plan' and 'pension plan ....' ")

(d) Individual Retirement Accounts

(1) For purposes of Title I of the Act and this chapter, the terms "employee pension benefit plan" and "pension plan"

*shall not include* an individual retirement account described in section 408(a) of the Code, an individual retirement annuity in section 408(b) of the Internal Revenue Code of 1954 (hereinafter "the Code") and an individual retirement bond described in section 409 of the Code[.] (Emphasis Added).

29 C.F.R. 2510.3–2(d)(1). Although the preemption provision in ERISA uses the term "employee benefit plan" rather than "employee pension benefit plan," many courts have concluded that the language of this regulation takes § 408(a) IRAs outside the limits of ERISA and its preemption clause. See *In re Houck*, 181 B.R. 187, 191–92 (Bankr.E.D.Pa.1995) (stating that "IRAs are tax qualified ... but they are not subject to ERISA ...."); *In re Galvin*, 121 B.R. 79, 81 (Bankr.D.Kan. 1990); *In re Chadwick*, 113 B.R. 540, 545 (Bankr.W.D.Mo.1990) ("This court is of the opinion ... that the plain language of ERISA regulations exclude IRAs from ERISA coverage"); *In re Barlage*, 121 B.R. 352, 354 (Bankr.D.Minn.1990); ("[T]he definition portion of ERISA expressly excludes IRAs from coverage under ERISA ...."); *In re Laxson*, 102 B.R. 85, 89 (Bankr.N.D.Tex.1989) ("... The ERISA regulations dictate that ERISA is inapplicable to IRAs").

The individual retirement accounts created under 26 U.S.C. § 408(a) and exempt under Ohio Rev.Code § 2329.66(A)(10)(c) are not maintained by an employer or employee organization. Therefore, they do not meet the definition of employee benefit plans under either 29 U.S.C. § 1003(a) or 29 U.S.C. § 1051. IRAs are explicitly excluded under 29 C.F.R. 2510.3–2(d)(1). Consequently, the court concludes that ERISA does not preempt Ohio Rev. Code § 2329.66(A)(10)(c) and the Debtors' exemptions in their IRAs are allowed.

### 2. The Impact of the "Savings Clause" on ERISA's Preemption Provision

Although not necessary to deciding that § 408(a) IRAs remain exempt under Ohio Rev.Code § 2329.66(A)(10)(c), the court finds it necessary to draw another distinction between this case and the Sixth Circuit's decision in *Lampkins*. In *Lampkins*, the Sixth Circuit dealt with whether a state exemption statute was preempted by ERISA outside the context of bankruptcy. Thus, the Sixth Circuit was not faced with the limitation of ERISA's preemption provision by the so-called "savings clause" codified at 29 U.S.C. § 1144(d) (also known as ERISA § 514(d)).

■ While ERISA broadly preempts state laws that relate to employee benefit plans, this provision is limited by the savings clause which states that ERISA, "shall not be construed to alter, amend, modify, invalidate, impair or supersede any law of the United States ...." 29 U.S.C. § 1144(d). Thus, while ERISA may preempt state law, it does not supersede or invalidate federal law including federal bankruptcy law. *Sterling Die Casting Co., Inc. v. Local 365 UAW Welfare and Pension Fund (In re Sterling Die Casting Co., Inc.)*, 118 B.R. 205, 208 (Bankr.E.D.N.Y. 1990) ("ERISA's specific provision [referring to § 1144(d) ] precluding interferences with the operation of federal law, renders the Bankruptcy Code superior and therefore effective over any ERISA provision to the contrary.").

■ The reach of ERISA's savings clause was expanded by the United States Supreme Court in *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). In *Shaw*, the Supreme Court held that the savings clause also saves from preemption state laws which enforce federal legislation. 463 U.S. at 102, 103 S.Ct. 2890 (holding that ERISA

did not preempt part of New York's fair employment law because of the state law's significant role in the enforcement of Title VII's statutory scheme).

 As in *Shaw*, state exemption statutes play a significant role in enforcing and implementing a federal statutory scheme, the Bankruptcy Code. *Heitkamp v. Dyke (In re Dyke)*, 943 F.2d 1435, 1449 (5th Cir.1991)[2] ("Like Title VII, the Bankruptcy Code relies on state law to assist in the implementation and enforcement of its goals."). By allowing states to "opt-out" of the list of federal exemptions in favor of those created under state law, Congress clearly contemplated the important role state exemption statutes would play in bankruptcy. *See* 11 U.S.C. § 522(b). Thus, the Fifth, Eighth and Eleventh Circuits, when faced with this issue, have concluded that ERISA does not preempt state law exemptions for employee benefit plans relied upon by debtors in bankruptcy cases. *Dyke*, 943 F.2d at 1449–50; *Schlein v. Mills (In re Schlein)*, 8 F.3d 745, 753 (11th Cir.1993) (explaining that Congress did not intend the ERISA preemption provision to "ride roughshod over other areas of federal legislation, whether it be Title VII, the Bankruptcy Code, or other comprehensive schemes"); *Checkett v. Vickers (In re Vickers)*, 954 F.2d 1426, 1429 (8th Cir.1992). Although there are contrary opinions, including a Ninth Circuit decision that has since been withdrawn[3], the court agrees with the reasoning of the Fifth, Eighth and Eleventh Circuits that such

exemption statutes are not preempted by ERISA in the context of bankruptcy.

For the reasons discussed above, the court will overrule the Trustee's objection. The court holds that ERISA does not preempt Ohio Rev.Code § 2329.66(A)(10)(c) and the Debtors are entitled to the exemptions claimed in their individual retirement accounts.

**It is so ordered.**

---

**2.** The Fifth Circuit's decision in *Dyke* was abrogated by *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) on grounds related to whether ERISA qualified plans with anti-alienation provisions are excluded from property of the debtor's estate under 11 U.S.C. § 541(c)(2). This abrogation does not effect the validity of the Fifth Circuit's reasoning relating to ERISA's savings clause and its impact on state exemption statutes in bankruptcy nor does the Supreme

Court's decision in *Patterson* apply in this case because the IRAs do not contain an enforceable anti-alienation provision.

**3.** The decision of the Ninth Circuit is *Pitrat v. Garlikov*, 947 F.2d 419 (9th Cir.1991), *withdrawn and superceded by*, 992 F.2d 224 (9th Cir.1993) (based on the previous decision's conflict with the Supreme Court's decision in *Patterson v. Shumate* ).