**Deborah LAMPKINS, Plaintiff–Appellee,**

v.

**Robert H. GOLDEN, Trustee, Robert H. Golden P.C. Profit Sharing Trust, Defendant,**

**Robert H. Golden, Defendant–Appellant.**

**No. 00–1443.**

United States Court of Appeals, Sixth Circuit.

Jan. 17, 2002.

Before SILER and CLAY, Circuit Judges; and GRAHAM, District Judge.*

CLAY, Circuit Judge.

Defendant, Robert H. Golden, an attorney proceeding *pro se*, appeals from the district court's order entered on March 23, 2000, adopting the magistrate's report and recommendation and entering summary judgment in favor of Plaintiff, Deborah Lampkins, against garnishee Defendant

"RHG Law Offices SEP." For the reasons set forth below, we AFFIRM.

## STATEMENT OF FACTS

Plaintiff filed suit against Defendant–Appellant on March 23, 1993, against Defendant, Trustee of the Robert H. Golden P.C. Profit Sharing Trust ("Profit Sharing Plan"), and the Robert H. Golden P.C. Pension Trust ("Pension Plan"), averring several violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including a breach of Defendant's fiduciary responsibilities. Plaintiff also claimed that her accrued benefits in her Pension Plan and Profit Sharing Plan were misstated. Defendant filed a counter-claim seeking attorney's fees and costs for defending the action.

Plaintiff was employed as a secretary to Defendant from sometime in 1980 through March 27, 1992. During the period of her employment with the law firm, Plaintiff participated in both the Profit Sharing Plan and the Pension Plan. Defendant, who is the sole shareholder and president of the law firm, serves as the trustee of both plans and is the only other participant in the plans.

On August 8, 1995, the district court granted summary judgment to Plaintiff and ordered Defendant to pay Plaintiff accrued benefits in the amount of $1,371.33 from the Profit Sharing Plan and $10,817.50 from the Pension Plan. In addition, the district court assessed a penalty against Defendant for his delay in producing the documents requested by Plaintiff. The district court dismissed Defendant's counter-claim. Defendant appealed the district court's decision, challenging only

---

* Honorable James L. Graham, United States District Judge for the Southern District of   Ohio, sitting by designation.

the court's imposition of a fine against him—i.e., Defendant did not challenge the amount owed to Plaintiff regarding the retirement plan. This Court thereafter affirmed the district court. *See Lampkins v. Golden,* 1996 WL 729136, at *1 (6th Cir. Dec.17, 1996) (unpublished).

On June 6, 1997, the district court ordered Defendant to pay Plaintiff attorney's fees and costs in the amount of $5,213.58. (J.A. at 271.) Defendant refused to pay the 1995 and 1997 judgments entered against him claiming that he had no assets or income, despite his continued law practice. Plaintiff subsequently discovered that Defendant had placed assets in an individual retirement account, that being the RHG Law Offices, P.C. Simplified Employee Pension ("RHG SEP"). Specifically, Plaintiff alleged that the RHG SEP had approximately $90,000 in assets comprised of $30,000 in a Merrill Lynch Account, and $60,000 in outstanding loans made by Defendant to himself, his wife, and various other entities that he owns and operates, including a $5,600 promissory note owed to RHG SEP by Defendant and his wife. Based upon this information, Plaintiff garnished the RHG SEP in an effort to collect her judgments, and sought summary judgment in the district court. Plaintiff obtained an ex parte restraining order as well as an order enjoining Defendant from removing any funds from the RHG SEP.

The matter was referred to Magistrate Judge Thomas A. Carlson for a report and recommendation and, after hearing oral argument on the matter, the magistrate recommended that "Plaintiff's Motion for Summary Judgment on her Writs of Garnishment should be granted, and she should be allowed to garnish the RHG SEP Plan, including the Merrill Lynch account and the $5,600 loan owed by Defendant and his wife to the fund." (J.A. at 222.) Defendant filed objections to the magistrate's report and recommendation, and on March 23, 2000, the district court, having considered Defendant's objections, accepted the magistrate's report and entered summary judgment against garnishee Defendant RHG law offices SEP. The district court ordered that

B) Within ten (10) days of the date of this Order, all amounts held in the Merrill Lynch, Pierce, Fenner, and Smith, Inc. brokerage account # 64283T55 of the RHG Law Offices P.C. SEP shall be liquidated and transferred by check payable to the Michael F. Saggau Trust Account—IOLTA. Provided, however that the amount transferred shall not exceed the outstanding judgment amount of $36,851.46 plus post-judgment interest owed at the rate set forth in 28 U.S.C. Section 1961 in the amount of $10,699.00.

C) Ownership of the debt obligation owed by Robert Golden and his spouse Judith Golden to the RHG Law Offices P.C. SEP, which this Court finds to be in the amount of $5,600 (five thousand, six-hundred dollars) plus interest in the amount of 11% (eleven percent) per annum from December 1, 1993 (as set forth in the Assignment of Mortgage attached as Exhibit C to Plaintiff's Motion for Summary Judgment on Writs of Garnishment), is hereby transferred to Plaintiff Deborah Lampkins. Provided, however, that the amount of this debt obligation to be transferred shall not exceed the outstanding judgment amount of $36,851.46 plus post-judgment interest owed at the rate set forth in 28 U.S.C. Section 1961 in the amount of $10,699.00, minus the amount transferred pursuant to paragraph A) [sic] of this Order.

(J.A. at 249–50.) Defendant did not file a bond to stay enforcement of the March 23, 2000 judgment, but instead filed a motion

to waive the bond requirement; the motion was subsequently denied. According to Plaintiff, Merrill Lynch complied with the district court's order and sent Plaintiff, through counsel, a check in the amount of $47,550.46 to satisfy the 1995 and 1997 judgments. Defendant now appeals the district court's judgment granting summary judgment to Plaintiff on her claim of garnishment.

## DISCUSSION

This Court reviews a district court's order granting summary judgment *de novo*. *Logan v. Denny's, Inc.*, 259 F.3d 558, 565 (6th Cir.2001). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56.

Defendant makes four arguments in support of his contention that the district court erred in granting Plaintiff's motion for summary judgment. First, Defendant claims that the RHG SEP is exempt from garnishment under federal law; second, Defendant claims that the RHG SEP is exempt from garnishment under state law; third, Defendant claims that the exemption under state law is not preempted by federal law; and finally, the district court ignored evidence that Defendant had repaid the RHG SEP in full. We disagree with Defendant's arguments and will address each in turn.

A. Whether the RHG SEP is Exempt from Garnishment Under Federal Law

Defendant first argues that under ERISA's anti-alienation provision, Plaintiff is precluded from garnishing the RHG SEP.

29 U.S.C. § 1056(d)(1), the anti-alienation provision in question, states that "benefits provided under the plan may not be assigned or alienated." This provision is qualified, however, by § 1051(6) which provides the following exception:

> This part shall apply to any employee benefit plan described in section 1003(a) of this title ... other than—
>
> * * *
>
> (6) an individual retirement account or annuity described in section 408 of Title 26, or a retirement bond described in section 409 of Title 26 ....

29 U.S.C. § 1051(6). Section 408 of Title 26, the Internal Revenue Code, entitled Individual Retirement Accounts, encompasses Defendant's retirement plan. Specifically, § 408(k) defines and lists the requirements of a "simplified employee pension" or SEP. *See* 26 U.S.C. § 408(k). Therefore, because Defendant's RHG SEP is one described in section 408 of Title 26, it follows that Defendant's SEP is not exempted by ERISA's anti-alienation provision. *See* 29 § U.S.C 1051(6).

Defendant attempts to avoid § 1051(6) by arguing that the RHG SEP does not fall under the guise of a § 408 account. Defendant maintains that the RHG SEP does not meet the definition of an individual retirement account as set forth in § 408(a), and therefore contends that this subsection of § 408 does not apply. Defendant notes that the district court found that the RHG SEP qualified under subsection (k) of § 408, and not subsection (a). Defendant contends, however, that its SEP does not qualify under subsection (k) because to do so would require first and foremost that the retirement plan be an individual retirement account. Therefore, according to Defendant, a plan must quali-

fy as an individual retirement account as defined in subsection (a) before it can be considered a simplified employee pension under subsection (k)(1); and because the RHG SEP does not qualify under subsection (a), the district court therefore erred in finding that it qualified under subsection (k). Finally, Defendant argues that even if one is to assume that the RHG SEP is an individual retirement account for purposes of satisfying subsection (k)(1), because the RHG SEP cannot be found to meet the requirements of subsection (k)(2), (3), (4) and (5), it cannot qualify under § 408(k).

Discussion of subsection (a) under § 408 is unnecessary inasmuch as the district court did not find that Defendant's RHG SEP fell under this subsection. Rather, as noted by Defendant himself, the district court found that Defendant's RHG SEP fell under the auspices of subsection (k) of § 408. Therefore, the next step is to examine each of Defendant's arguments as to why its RHG SEP does not qualify as a § 408(k) plan.

1. In Order to Qualify Under Subsection (k), the Plan Must Meet the Definition of an Individual Retirement Account Under Subsection (a)

Defendant argues that to qualify as an individual retirement account under subsection (a), the contributions thereto cannot exceed $2,000 per taxable year, and the RHG SEP exceeded that amount, thereby making it ineligible under subsection (a). Defendant's argument fails in this regard inasmuch as subsection (j) of § 408 specifically states that "[i]n the case of any simplified employee pension, subsections (a)(1) and (b)(2) of this section shall be applied by increasing the $2,000 amounts contained therein by the amount of the limitation in effect under section 415(c)(1)(A)." *See* 26 U.S.C. § 408(j). Sec-

tion 415(c)(1)(A), in turn, provides that contributions to the plan cannot exceed $30,000 per year of 25% of the participant's compensation annually, whichever amount is greater. *See* 26 415(c)(1)(A). Defendant does not claim that the contributions to the RHG SEP exceed those stated in § 415(c)(1)(A); thus, his claim that subsection (k) does not apply because the contributions exceed the limit of $2,000 as set forth in subsection (a) is without merit.

2. In Order to Qualify Under Subsection (k), the Plan Must Meet the Participation Requirements of § 408(k)(2)

■ Defendant contends that under subsection (k)(2)'s participation requirement, Defendant, as the employer, was required to make annual contributions to the plan for each employee who earned more than $300 annually. Because he earned more than $300 annually, but did not make contributions to the RHG SEP on his own behalf some years, Defendant argues that the RHG SEP cannot qualify under § 408(k). We disagree. As found by the district court, the participation requirement for subsection (k) expressly uses the term "if" in reference to contributions made by the employer for a given year, thereby leaving it to the discretion of the employer to make contributions for that year if the employer wishes to meet the definition. In other words, the participation requirement is discretionary and not mandatory, such that Defendant's claim in this regard fails.

3. In Order to Qualify Under Subsection (k), the Plan Must Meet the Requirements of § 408(k)(5) that Contributions be Made Pursuant to a Written Formula

Defendant argues that because the RHG SEP does not meet the requirements of

subsection (k)(5), "contributions must be made under a written allocation formula," it cannot qualify under § 408 of the Internal Revenue Code. Subsection (k)(5) provides that

> requirements of this paragraph are met with respect to a simplified employee pension only if employer contributions to such pension are determined under a definite written allocation formula which specifies—
>
>> (A) the requirements which an employee must satisfy to share in an allocation, and
>>
>> (B) the manner in which the amount allocated is computed.

26 U.S.C. § 408(k)(5). Defendant's claim is without merit where the provisions of the RHG SEP expressly meet the written allocation formula requirements. Specifically, the RHG SEP provides that "[t]he allocation will be based on the same percentage of each Participant's Compensation, provided that the contribution for any Employee shall not exceed the lesser of 15% of the Participant's Compensation for the Plan Year involved or $30,000." (J.A. at 99–100.) Therefore, Defendant's claim in this regard is baseless.

In summary, the district court did not err in finding that Defendant's RHG SEP was exempt from ERISA's anti-alienation provision inasmuch as the RHG SEP qualifies as an individual retirement account under Internal Revenue Code § 408(k). *See* 29 U.S.C. § 1051(6) (providing that ERISA's anti-alienation provision does not apply to an individual retirement account or annuity described in section 408 of Title 26, or a retirement bond described in section 409 of Title 26).

### B. Whether the RHG SEP is Exempt from Garnishment Under State Law

Defendant argues that if the RHG SEP qualifies under 26 U.S.C. § 408, then it is exempt from garnishment under Michigan law. Specifically, Defendant claims that the RHG SEP is exempt from garnishment under Mich. Comp. Laws Ann. § 600.6023(k), which provides that "[a]n individual retirement account or individual retirement annuity as defined in section 408 or 408(a) of the internal revenue code" is exempt from levy and sale under any execution.

Plaintiff argues that the state exemption is preempted under ERISA, and that even if the state exemption was not preempted, it would only apply to the contributions made by Defendant which exceeded a certain amount. Because we agree with Defendant and the district court that the state exemption is preempted under ERISA, we will focus on that argument.

### C. Whether Mich. Comp. Laws Ann. 600.6023(1) is Preempted by ERISA

■ Based on the magistrate's report and recommendation, the district court found that under ERISA's section 1144(a), the Michigan statute was preempted. Section 1144(a) provides that

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). In finding that this provision applied, the court relied upon *Mackey v. Lanier Collection Agency & Serv.*, 486 U.S. 825, 829, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), wherein the Supreme Court explained that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a

plan." The district then opined that because Mich. Comp. Laws Ann. § 600.6023(1) exempts all § 408 individual retirement pension plans from garnishment, while ERISA would allow garnishment of those funds, the Michigan statute clearly "relates to" or has a "connection with" the subject ERISA plan. The district court concluded that, as a result, the Michigan statute was preempted.

On appeal, Defendant attempts to distinguish *Mackey* by claiming that the Georgia statute in question in that case expressly used the term "ERISA" in describing plans to which the state law purported to apply, while the Michigan statute in question does not expressly use the term "ERISA." Defendant's argument is clearly without merit, where the Supreme Court has expressly rejected this contention. *See Dist. of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 130–31, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992) (holding a state law preempted because it "impos[ed] requirements by reference to [ERISA]"); *see also Kentucky Ass'n of Health Plans, Inc. v. Nichols*, 227 F.3d 352, 358 (6th Cir.2000) (recognizing the holding and force of *Greater Washington Bd. of Trade* in this regard). In other words, the state statute need only impose requirements on ERISA plans to be preempted. *See Greater Washington Bd. of Trade*, 506 U.S. at 130–31, 113 S.Ct. 580.

Defendant also seeks to interject an argument on appeal that he did not raise in the district court. Of course, we do not entertain such belated arguments on appeal. *See White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir.1990). However, we note that Defendant now seems to argue, based upon his misrepresentation that the district quote misquoted § 1144, that § 1051(6) excepts Internal Revenue Code § 408 from ERISA's preemption because ERISA's § 1003(a) states that this title applies to benefit plans except as provided in § 1051. As with his other allegations of error, Defendant's claim must fail based upon a plain reading of the ERISA statute.

It is true that § 1051 states that "this part" shall not apply to certain plans, including § 408 plans as we saw with ERISA's anti-alienation provision; however, the "this part" to which the statute refers is part two which encompasses participation and vesting, not preemption. ERISA's preemption is set forth in part five, which does not exclude plans under § 408 of the Internal Revenue Code.

Therefore, in summary, the Michigan statute upon which Defendant relies is preempted under federal law, such that the RHG SEP is subject to garnishment.

D. Whether the District Court Properly Assigned the Outstanding Debt Owed by Defendant and his Wife to the RHG SEP

Defendant and his wife transferred $7,500 from the Robert H. Golden, P.C. Employees' Pension Plan and Trust to himself and his wife in 1991, and designated this as a "loan." A portion of the debt, $5,600, was assigned to the RHG SEP on April 29, 1995. This entire debt, plus interest at the rate of 11% per year from December 1, 1993, remains outstanding.

The district court found that this debt owed by Defendant and his wife was an asset of the garnished RHG plans and assigned that debt to Plaintiff pursuant to her writ of garnishment. Plaintiff did not attempt collection of the debt inasmuch as the monies provided by Merrill Lynch satisfied the outstanding judgment amounts. However, Plaintiff claims that she will seek collection of this debt to satisfy costs and attorney's fees associated with this appeal.

**416**

Defendant argues, as he did in the district court, that the $5,600 debt to the RHG SEP was deemed paid because he scrawled "paid in full" upon the earlier $7,500 note. However, the records produced by Defendant do not support a finding that this note was satisfied. Defendant failed to produce a cancelled check, bank statement, or any other document evidencing the repayment of the $5,600. Instead, Defendant relies upon records showing a 1997 payment of $9,000 to the RHG SEP from Defendant's law firm, but these records indicate that the monies were employer contributions to the RHG SEP Merrill Lynch account. Defendant claims that the $9,000 employer contribution was actually not an employer contribution at all, but instead was a repayment by him and his wife of the $5,600 debt they owed. However, Defendant offered nothing but his contention in this regard, whereas the record from Merrill Lynch clearly lists the funds as "employer contributions." Therefore, we agree with the district court that the record does not support a finding that the loan amount was paid by Defendant and his wife.

### CONCLUSION

For the reasons set forth above, the district court's judgment granting summary judgment to Plaintiff is AFFIRMED.