### In re Robert and Lynn FIXEL, Debtors.

### No. 02–15781.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Nov. 27, 2002.

Debra E. Booher, Holly L. Scherf, Akron, OH, for debtors.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

#### I.

The matter before the Court is the Trustee's Objection to Exemption claimed by Debtors, Robert and Lynne Fixel. The Court acquires core matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. Following a duly noticed hearing, the Court makes the following findings and conclusions:

Robert and Lynne Fixel, ("Debtors"), filed their bankruptcy petition for relief under Chapter 7 of the Bankruptcy Code. Two of the assets claimed on Schedule C were Individual Retirement Accounts (hereinafter "IRAs") with American Express valued at $4,786.48 and $3,875.76, respectively. The Debtors claimed exemptions in the IRAs' entire amount, which totaled $8,662.24. The Chapter 7 Trustee objects to the Debtors' claim of exemption while asserting that the Sixth Circuit's recently unpublished decision in *Lampkins v. Golden,* 2002 WL 74449 (6th Cir. Mich. 2002) held ERISA [29 U.S.C. § 1001 *et seq*] excepts the subject IRA from exemption and, further, that it is not protected from garnishment. The Debtors contend in response that *Lampkins* is not binding on this Court for three reasons: (1) the IRA exemption is not preempted by ERISA in bankruptcy cases; (2) the IRA exemption is not preempted by ERISA as it does not relate to an employee pension benefit plan, and (3) the Sixth Circuit's unpublished *Lampkins* decision is not binding on the Bankruptcy Court.

#### II.

■ The Court must determine whether the Trustee has made a *prima facie* case upon which the Debtor's exemption claim may be denied. Herein, the burden of proof is upon the objectant, Trustee. That burden is to be established by a preponderance of the evidence. *See, In re Hamo,* 233 B.R. 718 (6th Cir. BAP 1999); *In re Hoppes,* 202 B.R. 595 (Bankr. N.D.Ohio 1996).

#### III.

Under the Bankruptcy Code, all property in which a debtor has legal or equitable interest at the commencement of the case is included in the bankruptcy estate. *See,* 11 U.S.C. § 541. A debtor, however, may exempt certain property from the estate under Section 522 of the Code. The Code enumerates properties which may be exempted, but it also allows states to establish separate exemption schemes. Unless a state has "opted out" of the federal exemption scheme, a debtor has the option to choose the federal or state provisions. *See,* 11 U.S.C. § 522(b)(1). The State of Ohio has opted out of the federal scheme. *See,* Ohio Rev.Code Ann. § 2329.662. Any discussion of the Bankruptcy Code's federal exemption scheme is, therefore, unnecessary. The Debtors herein claim an exemption in their IRA under Section 2329.66(a)(10)(C) of the Ohio Revised Code. This section provides in relevant part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

\*　　\*　　\*　　\*　　\*　　\*

(10)(c) Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt and except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and

3123.06 of the Revised Code, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason of illness, disability, death, or age, to the extent that the assets, payments, or benefits described in division (A)(10)(c) of this section are attributable to any of the following:

(i) Contributions of the person that were less than or equal to the applicable limits on deductible contributions to an individual retirement account or individual retirement annuity in the year that the contributions were made, whether or not the person was eligible to deduct the contributions on the person's federal tax return for the year in which the contributions were made;

(ii) Contributions of the person that were less than or equal to the applicable limits on contributions to a Roth IRA or education individual retirement account in the year that the contributions were made;

(iii) Contributions of the person that are within the applicable limits on rollover contributions under subsections 219, 402(c), 403(a)(4), 403(b)(8), 408(b), 408(d)(3), 408A(c)(3)(B), 408A(d)(3), and 530(d)(5) of the "Internal Revenue Code of 1986," 100 Stat.2085, 26 U.S.C.A. 1, as amended.

Ohio Rev.Code. Ann. § 2329.66(a)(10)(C). Property which is properly exempted from one's bankruptcy estate is placed beyond the reach of creditors.

*ERISA, Generally*

An employer's pension plan is oftentimes developed in compliance with the requirements of the Employment Retirement Income Security Act (ERISA). The principal objective of ERISA is to:

> [P]rovide a uniform and systematic framework for regulation of employee benefit plans...Congress sought to establish minimum standards to assure 'the equitable character of such plans and their financial soundness.'

*See,* 29 U.S.C.A. § 1001, *et seq.* As noted earlier by the Sixth Circuit:

> ERISA was adopted in 1974. Before that time, the United States experienced a rapid growth in private employee benefit plans funded by employers and employees. To correct the perceived inadequacies of many benefit plans, prevent employer abuses, and assure stability of benefits, Congress enacted ERISA, basically as a labor law, but with preferential tax treatment for employers and employees.

*General Motors Corp. v. Buha,* 623 F.2d 455, 459 (6th Cir.1980). ERISA, generally, covers any employee benefit plan which is established or maintained: "(1) by an employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce; or (3) by both." 29 U.S.C.A. § 1003(a).

Plans which are generally not included within the scope of ERISA coverage are governmental plans and plans which are established and maintained by individuals for their own benefit. *Id.* at § 1003(b)(1). The two types of benefit plans defined under ERISA are welfare plans and pension plans. Welfare benefit plans typically include "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, etc." *See Id.* at § 1002(1). Pension benefit plans, on the other hand, usually address retirement income or defers income to the

termination of employment or beyond. *Id.* at § 1002(2)(A).

■ In order for a benefit plan to come within the scope of ERISA, its terms, in part, must provide that "benefits provided under the plan may not be assigned or alienated." *See* 29 U.S.C.A. § 1056(d)(1). Effectively, ERISA places this restriction against a debtor's creditors and preempts any law to the contrary which would otherwise give creditors access to a debtor's interest in a qualifying pension plan. *See, Retirement Fund Trust v. Franchise Tax Board,* 909 F.2d 1266 (9th Cir.1990); *Tenneco, Inc. v. First Virginia Bank,* 698 F.2d 688–90(4th Cir. 1983); *General Motors Corp. v. Buha, supra,* at 462. Generally, personal savings or investment benefit plans that are established and maintained by debtors as pension plans are not protected by ERISA and are included in a debtor's bankruptcy estate. Each challenged plan regarding inclusion in a debtor's bankruptcy estate, necessarily, must be examined on a case-by-case basis since the nature of plans vary.

Both parties herein cite to the Sixth Circuit's recent unpublished ruling in *Lampkins, supra,* to support their respective arguments regarding IRAs. Therein, the Circuit affirmed the district court's ruling which, effectively, determined that a simplified employee plan (SEP), which was an individual retirement account, was exempt from ERISA's anti-alienation provision. It further held that applicable state law (i.e. Michigan) which expressly disallowed garnishment of such plans was preempted by the provisions of ERISA. In that particular case, however, an ERISA provision specifically excepted the subject plan from ERISA's coverage, rendering the plan available for garnishment. It is further noted that *Lampkins* is not a bankruptcy case. Thusly, the factual matters in *Lampkins* are not necessarily germane to the instant matter.

A resolution of this matter necessarily requires an examination of the plan in light of ERISA's overall statutory scheme. Herein, the Trustee failed to present a copy of the subject benefit plan. A good start point is with 29 U.S.C. § 1003(a) to discern whether the plan fits within the types of benefit plans addressed by ERISA. Next, the relevant plan requires examination to see if it is affected by the anti-alienation character of an ERISA qualified plan under 29 U.S.C. § 1056(d)(1), as mentioned above, or whether it is expressly excluded from ERISA's anti-alienation requirement by some other provision of ERISA, or other applicable law.

As the Sixth Circuit noted in *Lampkins,* 29 U.S.C. § 1056(d)(1) includes an anti-alienation clause which provides that "benefits provided under the plan may not be assigned or alienated." That provision, however, is tempered by the exceptional language of 29 U.S.C. § 1051(b) which provides:

> This part shall apply to any employee benefit plan described in section 1003(a) of this title– – –*other than*– – –
>
> (6) an individual retirement account or annuity described in section 408 of Title 26, or a retirement bond described in section 409 of Title 26 . . . . (Emphasis added).

Herein, the Trustee's reliance upon *Lampkins* is wholly conclusory, without any demonstration of the plan in question. Minimally, the plan must be examined to determine how it fits the applicable Ohio exemption entitlement, ERISA's statutory scheme, and other evaluative factors such as: (1) Have any of the plan's triggering events occurred which would give a debtor access to plan funds?; (2) Is the estate's

access to the funds derivative of the debt-or's rights to the funds?; (3) Is the plan excepted from the debtor's bankruptcy estate by ERISA or some other non-bankruptcy federal law; (4) Is there a challenged state law provision and, if so, is it subject to federal preemption; (5) Does the subject IRA relate to an employee or employer benefit plan?; (6) Was the plan presented for the court's examination?; and (7) Is the plan excluded from ERISA's anti-alienation clause by an express provision under ERISA? As the objectant, the burden of proof is upon the Trustee to show that the Debtor's subject exemption claim is invalid. That burden, as noted above, must be carried by a preponderance of the evidence standard, which, herein, has not been met. Thusly, although a plan may be ERISA qualified, all such benefit plans are not subjected to the anti-alienation/anti-assignment prohibition under ERISA's § 1056(d) [29 U.S.C. § 1056(d)].

Under the Internal Revenue Code [26 U.S.C. § 408(a)], an IRA is statutorily defined as being the specific type of individual retirement account expressly excepted from the application of ERISA's anti-alienation clause as stated above. Thusly, it is incumbent upon the party who challenges the exemption based upon ERISA provisions to show that any exception to the anti-alienation provision applies. Herein, that burden is upon the Trustee. Other noted exceptions to the application of ERISA's anti-alienation clause, not relevant herein, involve garnishment attempts on qualified domestic relations orders regarding alimony and child support obligations, or instances of certain criminal misconduct committed against a plan by the plan's fiduciary.

In determining whether IRAs are allowable exemptions under applicable federal or state law, the Sixth Circuit noted in another fairly recent bankruptcy decision that, "[a]t least three of our sister circuits have held that the provisions of 11 U.S.C. § 522(d)(10)(E), or state statutes with parallel texts, allow the exemption of IRAs." *See, Dettmann, Chapter 7 Trustee v. Brucher (In re Brucher),* 243 F.3d 242, 243 (6th Cir.2001)(citing *In re Carmichael,* 100 F.3d 375 (5th Cir.1996), *In re Dubroff,* 119 F.3d 75 (2d Cir.1997), and *In re McKown,* 203 F.3d 1188 (9th Cir.2000)). The reported *Brucher* decision, also discussed an objection to a claim of exemption in an IRA, but the Circuit made no reference to ERISA at all.

■ ERISA provides that any and all state laws insofar as they may now or hereafter relate to any employee benefit plan covered by ERISA are preempted because the state law exemptions are necessary to the enforcement of the Bankruptcy Code and 29 U.S.C. § 514 provides that nothing in this subchapter shall be construed to alter, amend, invalidate or supercede any law of the United States. Many courts which have discussed IRAs, which were not part of employee pension plans, have opined that statutory provisions exempting IRAs from the bankruptcy estate of a debtor are not preempted by ERISA. *See e.g., In re Walker,* 959 F.2d 894 (10th Cir.1992), *In re Mann,* 134 B.R. 710 (Bankr.E.D.N.Y.1991); *In re Volpe,* 943 F.2d 1451 (5th Cir.1991); *Bank v. Schwartz (In re Schwartz),* 185 B.R. 479 (Bankr.D.N.J.1995); *In re Printy,* 171 B.R. 448 (Bankr.D.Mass.1994); *In re Martin,* 102 B.R. 639 (Bankr.E.D.Tenn.1989);. In the instant case, neither party has attached the subject plan. The Trustee, however, posits that the source of funds are previous retirement funds from a former employer. Thus, the question remains whether such IRA, which is not a part of an employee pension plan is preempted under ERISA.

## *PREEMPTION*

■ Under the Supremacy Clause, from which the preemption doctrine is derived, " 'any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield.' " *Felder v. Casey,* 487 U.S. 131, 138, 108 S.Ct. 2302, 2307, 101 L.Ed.2d 123 (1988) (*quoting Free v. Bland,* 369 U.S. 663, 666, 82 S.Ct. 1089, 1092, 8 L.Ed.2d 180 (1962)); *see also, De Canas v. Bica,* 424 U.S. 351, 357, 96 S.Ct. 933, 937, 47 L.Ed.2d 43 (1976) ( "[E]ven state regulation designed to protect vital state interests must give way to paramount federal legislation"). When Congress chooses expressly to preempt state law, the only question for the courts to answer is whether the challenged state law is one that the federal law is intended to preempt.

■ In the instance that preemption is implied, the courts must look beyond the express language of federal statutes to determine whether Congress has "occupied the field" in which the state is attempting to regulate, or whether a state law directly conflicts with federal law, or whether enforcement of the state law might frustrate federal purposes. The Supreme Court determined in *Pennsylvania v. Nelson,* 350 U.S. 497, 513, 76 S.Ct. 477, 485, 100 L.Ed. 640 (1956) that federal "occupation of the field" occurs when there is no room left for state regulation.

Section 522 of the Bankruptcy Code provides that states may choose to "opt out" of the federal scheme and enact their own exemption statutes. If Congress's intent was to preempt *all* state exemptions in IRAs, it would have eliminated all references to such accounts in Section 522 and forbade states from enacting their own statutes. Simply stated, the Congress, in this instance, has deliberately left room for state regulation in exemptions. Notedly, Section 522(d) does not make a reference to preemption. Additionally, the ERISA savings clause provides that preemption "shall not be construed to alter, amend, modify, invalidate, impair, or supercede any law of the United States ... or any rule or regulation issued under such law." 29 U.S.C. § 1144(d).

Thus, a straightforward preemption analysis, focusing solely on the force and effect of ERISA ignores Congress' legislative intent in enacting Title 11 of the United States Code. *See, Bank v. Schwartz (In re Schwartz), supra.* To give ERISA the broad application the Trustee here suggests, would frustrate the fundamental purpose of bankruptcy-to give an honest but unfortunate financially distressed debtor a fresh start. Indeed, the Supreme Court cautioned against an unduly broad application of the ERISA statutes in *Mackey v. Lanier Collection Agency Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). The *Mackey* decision and the *Lampkins* decision both involve employee benefit plans. The Michigan statute at issue in *Lampkins* (M.C.L.A. § 600.6023(1) also refers to an employee pension plan). Herein, there is no evidence adduced to show that the subject IRA before this Court is related to an employee benefit plan. Indeed, the Trustee has exhibited no plan at all. On this basis, the Trustee's objection is overruled.

■ Another basis for overruling the Trustee's objection is the Trustee's reliance on the unreported decision in *Lampkins.* In this circuit, unpublished authority is without precedential value except for the purpose of establishing res judicata, estoppel, or the law of the case. *See* Section 28(g) of the Local Rules for the Sixth Circuit. CTA6 Rule 28(g) provides:

Citation of unpublished decisions in briefs and oral arguments in this Court and the district courts within this Circuit

is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case. If a party believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well, such decision may be cited if that party serves a copy thereof on all other parties in the case and on this Court....

Sixth Circuit Local Rule 28(g). Herein, none of the exceptional circumstances addressed under CTA6 Rule 28(g) have been demonstrated by the Trustee. A mere citation and reliance upon an unpublished opinion of this Circuit is insufficient to establish a *prima facie* case. This is particularly true where none of the exceptional circumstances allowed under the Circuit's procedural rules are shown. In reliance on *Lampkins*, the Trustee simply posits that "Ohio's IRA exemption statue (sic) is preempted by ERISA and ERISA does not protect such IRA plan from garnishments...." As stated above, without more, that simply is an insufficient basis upon which to establish the non-exemptibility of the subject IRA. In addition, the Trustee has not alleged an alternative basis for relief, other than the unpublished *Lampkins* decision.

It cannot be ignored that the Sixth Circuit chose not to report the *Lampkins* decision. For any number of possible reasons, the Circuit has determined its ruling in *Lampkins* is not to be accorded full text publication. Accordingly, such treatment is to be respected, except where it is shown that CTA6 Rule 28(g) allows otherwise.

In summary, the Trustee has failed to meet his burden of proof presenting sufficient evidence for a determination of exemptibility; (2) has failed to demonstrate, pursuant to CTA6 Rule 28(g) that *Lamp-*

*kins* decision is dispositive of the relief he seeks; and finally (3) the Trustee has offered no proof to show that the subject IRA is excepted from ERISA's anti-alienation clause.

Accordingly, the objection of the Trustee to the claim of exemption is hereby overruled. Each party is to bear its respective costs.

**IT IS SO ORDERED.**