**In re John R. RAYL, Susan K. Rayl, Debtors.**

No. 02–64841.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

May 23, 2003.

D. William Davis, Bridgeport, OH, for Debtors.

Thomas McK. Hazlett, St. Clairsville, OH, Chapter 7 Trustee.

### OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the trustee's objection to the claim of exemption by debtor Susan K. Rayl in certain IRA accounts administered by T. Rowe Price. These accounts were rolled over prepetition from an ERISA plan established by the debtor's former employer. The debtor filed a memorandum in opposition to the objection.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) which this bankruptcy judge may hear and determine.

The debtor claims the IRA accounts as exempt under Ohio Rev.Code § 2329.66(A)(10)(c). This provision permits a person domiciled in Ohio to exempt that person's interest in, or right to receive any payments under, any individual retirement account. The debtor's contributions to these IRA's, to be exempt, must be within the applicable limits on rollover contributions. The debtor also must not have made the contributions for the purpose of evading payment of any debt.

The trustee argues that individual retirement accounts are employee benefit plans; and that, therefore, ERISA preempts Ohio law to the extent it allows a person to claim such accounts as exempt. Alternatively, the trustee contends that the debtor's rollovers, which occurred within ninety (90) days of her bankruptcy filing, were made for the purpose of evading the payment of her debts. He does not contend that the rollover contributions exceeded the applicable limits under federal law.

For his first argument, the trustee relies on *Lampkins v. Golden*, 28 Fed.Appx. 409 (6th Cir.2002). This decision was not recommended for full-text publication and,

hence, is non-binding in this Court. Nevertheless, the Court will consider *Lampkins* in determining whether the Ohio IRA exemption is preempted by ERISA.

Title 29, United States Code, Section 1144(a) provides that:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to an employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). The United States Supreme Court has explained that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 829, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988).

In *Lampkins,* the court invalidated a Michigan statute that purported to exempt individual retirement accounts and individual annuity accounts from garnishment. 28 Fed.Appx. at 414–15. The court reasoned that because ERISA would allow garnishment of such funds, the state exemption was preempted. *Id.*

The account at issue in *Lampkins* was a simplified employee pension plan ("SEP") sponsored by the defendant's employer. Section 408(k) of the Internal Revenue Code defines and lists the requirements of a SEP and includes such a retirement plan as an IRA. *Lampkins,* 28 Fed.Appx. at 412. By contrast, Ohio's IRA exemption "is geared towards retirement accounts established by individuals" and not employee-sponsored plans includable as IRA's by virtue of § 408(k). *In re Schreiner,* 255 B.R. 545, 547–48 (Bankr.S.D.Ohio 2000).

Section 2329.66(A)(10)(c) of the Ohio Revised Code specifically refers to individual retirement accounts, individual retirement annuities, Roth IRA's and education IRA's. Unlike the Michigan statute at issue in *Lampkins,* it does not reference the whole of § 408 of the Internal Revenue Code. Furthermore, the Ohio statute exempts IRA's only to the extent that the contributions are less than or equal to the applicable limits of deductibility; or in the case of Roth or educational IRA's and rollover IRA's, the applicable limits imposed by federal statutes. Thus, an SEP like the one in *Lampkins,* would not be exempt under § 2923.66(A)(10)(c). *Schreiner,* 255 B.R. at 548–49.

Title 29, United States Code, Section 1003(a) defines an "employee benefit plan" as one established or maintained by employers, employee organizations, or both. Although the ultimate source of the rolled-over funds was a plan established and maintained by the debtor's former employer, it does not follow that the IRA accounts were established and maintained by her former employer. Rather, it is the debtor who rolled over the funds into the IRA accounts and who maintains them with T. Rowe Price.

Furthermore, federal regulations governing ERISA exclude IRA's described in 26 U.S.C. § 408(a) from the terms "employee benefit plan" and "pension plan." 29 CFR 2510.3–2(d)(1). Because § 408(a) of the Internal Revenue Code encompasses rollover IRA's, the accounts which the debtor is seeking to exempt are not employee benefit plans and are, therefore, not subject to ERISA or its preemption clause. *See In re Buzza,* 287 B.R. 417, 422 (Bankr. S.D.Ohio 2002). The Ohio law exempting IRA's, then, is not preempted by ERISA since it does not relate to an employee benefit plan. *Id.* at 423.

The trustee's alternative objection is necessarily fact-driven and is not susceptible to resolution without any evidence before the Court. If the trustee wishes to pursue the argument that the debtor allegedly rolled over the funds in question in order to evade paying her creditors, he shall request an evidentiary hearing in writing.

Based on the foregoing, the Court **OVERRULES** the trustee's objection for the debtor's claim of exemption to the extent such objection is based on the argument that Ohio Rev.Code § 2329.66(A)(10)(c) is preempted by ERISA.

**IT IS SO ORDERED.**