**In re John E. DIGUILIO, Debtor.**

No. 03–14053.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Dec. 4, 2003.

Mark H. Knevel, Mark H. Knevel & Associates, Cleveland, OH, for Debtor.

Stephen D. Hobt, Steven Davis, Cleveland, OH, for Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the Trustee's Objection to Claim of Exemption in a SEP–IRA, claimed by Debtor, John E. Diguilio. The Court acquires core matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. Following duly-noticed hearings, the Court makes the following findings and conclusions:

John E. Diguilio, ("Debtor"), filed his bankruptcy petition for relief under Chapter 7 of the Bankruptcy Code on April 2, 2003. The Chapter 7 Trustee ("Trustee") objects to the Debtor's claim of exemption in a certain American Funds SEP–IRA, with an approximate balance of $30,000.00. (Schedule C, Docket 1). The Trustee asserts that the Sixth Circuit's unpublished decision in *Lampkins v. Golden*, 28 Fed. Appx. 409 (6th Cir.2002) (unpublished) held ERISA [29 U.S.C. § 1001 *et seq.*] excepts the subject SEP–IRA from exemption and, further, that it is not protected from garnishment. The Trustee further contends that Ohio's IRA Exemption statute is pre-empted by ERISA and ERISA, as to a SEP–IRA, does not pro-

tect such SEP–IRA plan from garnishments. The Trustee believes that the subject plan contains no anti-alienation clause.

The Debtor opposes the Trustee's objection to his claim of exemption on the grounds that O.R.C. § 2329.66(a)(10)(C) exempts his plan from attachment.

## I.

■ The Court must determine whether the Trustee has made a *prima facie* case upon which the Debtor's exemption claim may be denied. Herein, the burden of proof is upon the objectant, Trustee. That burden is to be established by a preponderance of the evidence. *See, In re Hamo*, 233 B.R. 718 (6th Cir. BAP 1999); *In re Hoppes*, 202 B.R. 595 (Bankr. N.D.Ohio 1996).

## II.

■ All property in which a debtor has a legal or equitable interest at the commencement of the case is included in the bankruptcy estate. *See,* 11 U.S.C. § 541. A debtor, however, may exempt certain property from the estate under § 522 of the Code. The Debtor, herein, claimed an exemption in his SEP–IRA under Section 2329.66(a)(10)(C) of the Ohio Revised Code. This section provides in relevant part:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> \*        \*        \*        \*        \*        \*
>
> (10)(c) Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt and except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, the person's right in the assets

held in, or to receive any payment under, any individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason of illness, disability, death, or age, to the extent that the assets, payments, or benefits described in division (A)(10)(c) of this section are attributable to any of the following:

(I) Contributions of the person that were less than or equal to the applicable limits on deductible contributions to an individual retirement account or individual retirement annuity in the year that the contributions were made, whether or not the person was eligible to deduct the contributions on the person's federal tax return for the year in which the contributions were made;

(ii) Contributions of the person that were less than or equal to the applicable limits on contributions to a Roth IRA or education individual retirement account in the year that the contributions were made;

(iii) Contributions of the person that are within the applicable limits on rollover contributions under subsections 219, 402(c), 403(a)(4), 403(b)(8), 408(b), 408(d)(3), 408A(c)(3)(B), 408A(d)(3), and 530(d)(5) of the "Internal Revenue Code of 1986," 100 Stat.2085, 26 U.S.C.A. 1, as amended.

Ohio Rev.Code. Ann § 2329.66(a)(10)(C). Property which is properly exempted from one's bankruptcy estate is placed beyond the reach of creditors.

### ERISA, Generally

An employer's pension plan is oftentimes developed in compliance with the requirements of the Employment Retire-ment Income Security Act (ERISA). The principal objective of ERISA is to:

> [P]rovide a uniform and systematic framework for regulation of employee benefit plans...Congress sought to establish minimum standards to assure "the equitable character of such plans and their financial soundness."

*See,* 29 U.S.C.A. § 1001, *et seq.* As noted earlier by the Sixth Circuit:

> ERISA was adopted in 1974. Before that time, the United States experienced a rapid growth in private employee benefit plans funded by employers and employees. To correct the perceived inadequacies of many benefit plans, prevent employer abuses, and assure stability of benefits, Congress enacted ERISA, basically as a labor law, but with preferential tax treatment for employers and employees.

*General Motors Corp. v. Buha,* 623 F.2d 455, 459 (6th Cir.1980). ERISA, generally, covers any employee benefit plan which is established or maintained: "(1) by an employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce; or (3) by both." 29 U.S.C.A. § 1003(a).

Plans which are generally not included within the scope of ERISA coverage are governmental plans and plans which are established and maintained by individuals for their own benefit. *Id.* at § 1003(b)(1). The two types of benefit plans defined under ERISA are welfare plans and pension plans. Welfare benefit plans typically include "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, etc." *See Id.* at § 1002(1). Pension benefit plans, on the other hand, usually address retirement income or defers income to the

termination of employment or beyond. *Id.* at § 1002(2)(A).

In order for a benefit plan to come within the scope of ERISA, its terms, in part, must provide that "benefits provided under the plan may not be assigned or alienated." *See* 29 U.S.C.A. § 1056(d)(1). Effectively, ERISA places this restriction against a debtor's creditors and preempts any law to the contrary which would otherwise give creditors access to a debtor's interest in a qualifying pension plan. *See, Retirement Fund Trust v. Franchise Tax Board,* 909 F.2d 1266 (9th Cir.1990); *Tenneco, Inc. v. First Virginia Bank,* 698 F.2d 688–90(4th Cir. 1983); *General Motors Corp. v. Buha, supra,* at 462. Generally, personal savings or investment benefit plans that are established and maintained by debtors as pension plans are not protected by ERISA and are included in a debtor's bankruptcy estate. Each challenged plan regarding inclusion in a debtor's bankruptcy estate, necessarily, must be examined on a case-by-case basis since the nature of plans vary.

The Trustee cites to the Sixth Circuit's unpublished ruling in *Lampkins, supra,* to support his argument regarding SEP–IRAs. Therein, the Circuit affirmed the district court's ruling which, effectively, determined that a simplified employee plan (SEP), which was an individual retirement account, was exempt from ERISA's anti-alienation provision. It further held that applicable state law (i.e. Michigan) which expressly disallowed garnishment of such plans was preempted by the provisions of ERISA. In that particular case, however, an ERISA provision specifically excepted the subject plan from ERISA's coverage, rendering the plan available for garnishment. It is further noted that *Lampkins* is not a bankruptcy case.

The account in Lampkins was a § 408(k) simplified employee pension, like the plan here, rather than a § 408(a) individual retirement account. See 26 U.S.C. § 408(a) and (k). The significant difference between these two types of accounts is that a simplified employee pension is an employer-sponsored plan that allows the employee to contribute more than the limits imposed on contributions to individual retirement accounts and annuities. In other words, a § 408(k) SEP meets the definition of an employee benefit plan under ERISA because it is established or maintained by employers for employees. *See,* 29 U.S.C. § 1003(a). *In re Buzza,* 287 B.R. 417, 421 (Bankr.S.D.Ohio 2002).

As the Sixth Circuit noted in *Lampkins,* 29 U.S.C. § 1056(d)(1) includes an anti-alienation clause which provides that "benefits provided under the plan may not be assigned or alienated." That provision, however, is tempered by the exceptional language of 29 U.S.C. § 1051(b) which provides:

> This part shall apply to any employee benefit plan described in section 1003(a) of this title—*other than*—
>
> (6) an individual retirement account or annuity described in section 408 of Title 26, or a retirement bond described in section 409 of Title 26 . . . . (Emphasis added).

*Lampkins, supra.* Title 26, United States Code, section 408(k) defines a SEP as "an individual retirement account or individual retirement annuity . . . with respect to which the requirements of paragraphs (2), (3), (4) and (5) of this subsection are met . . ." There are significant distinctions between SEPs and individual retirement accounts and annuities in the statute. SEPs are subject to strict limitations regarding eligibility for participation by employees; contributions made by the employer; allowing withdrawals of contributions from

the SEP; and the formula for making contributions to the SEP. 26 U.S.C. § 408(k)(2)-(5). Under the Internal Revenue Code, an SEP–IRA is statutorily defined as being the specific type of individual retirement account expressly excepted from the application of ERISA's anti-alienation clause as stated above.

■ ERISA provides that any and all state laws insofar as they may now or hereafter relate to any employee benefit plan covered by ERISA are preempted because the state law exemptions are necessary to the enforcement of the Bankruptcy Code and 29 U.S.C. § 514 provides that nothing in this subchapter shall be construed to alter, amend, invalidate or supercede any law of the United States. The instant case is factually dissimilar from this Court's opinion in *In Re Fixel*, 286 B.R. 638 (Bankr.N.D.Ohio 2002) in that this plan involves a SEP–IRA.

The SEP–IRA is property of Debtor's bankruptcy estate, as other courts considering this issue have uniformly determined. *See, e.g., In re CRS Steam, Inc.*, 217 B.R. 365 (Bankr.D.Mass.1998); *In re Taft*, 171 B.R. 497 (Bankr.E.D.N.Y.1994), *aff'd*, 184 B.R. 189 (E.D.N.Y.1995); and *In re Kellogg*, 179 B.R. 379 (Bankr.D.Mass. 1995). Therefore, the SEP may be administered by the Trustee, absent an applicable exemption. *In re Schreiner*, 255 B.R. 545, 547 (Bankr.S.D.Ohio 2000).

*Law of the Case*

■ Generally, in this circuit, unpublished authority is without precedential value except for the purpose of establishing res judicata, estoppel, or the law of the case. *See* Section 28(g) of the Local Rules for the Sixth Circuit. CTA6 Rule 28(g) provides:

Citation of unpublished decisions in briefs and oral arguments in this Court and the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case. If a party believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well, such decision may be cited if that party serves a copy thereof on all other parties in the case and on this Court. . . .

Sixth Circuit Local Rule 28(g). The Sixth Circuit has not published an opinion discussing ERISA's effect on a SEP–IRA. Therefore, this case, as it relates to a SEP–IRA is presently the law of the case.

Accordingly, the Trustee has met his burden of proof demonstrating that the subject SEP–IRA is excepted from ERISA's anti-alienation clause. The objection of the Trustee to the claim of exemption is hereby sustained. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

### *JUDGMENT*

At Cleveland, in said District, on this 4th day of December, 2003.

A Memorandum Of Opinion And Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Trustee has met his burden of proof demonstrating that the subject SEP–IRA is excepted from ERISA's anti-alienation clause. The objection of the Trustee to the claim of exemption is hereby sustained. Each party is to bear its respective costs.

IT IS SO ORDERED.