**In re Philip TOMLIN, Debtor.**

No. 04–56852.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Oct. 8, 2004.

Thomas D. Wininger, St. Clair Shores, MI, for Debtor.

*OPINION DENYING TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTION*

MARCI BETH MCIVOR, Bankruptcy Judge.

This matter came before the Court on the Trustee's objection to the Debtor's exemption of his IRA under the Michigan exemption statute, M.C.L. § 600.6023(k)(1). On September 28, 2004, the Court issued a bench opinion denying the Trustee's motion. The Court has determined that the bench opinion should be issued as a written opinion. This opinion is identical to the opinion issued on September 28, 2004, except for minor additions for purposes of clarifying the facts.

***Statement of Facts***

Debtor Philip Tomlin filed a chapter 7 bankruptcy petition on June 14, 2004. Included on his list of personal property (schedule B) was a 401K account valued at $16,075. The 401K was claimed as exempt on schedule C pursuant to federal exemption 22 U.S.C. § 522(d)(10)(E). On July 6, 2004, Debtor amended schedule C and listed the 401K as an IRA. (According to the amendment's cover sheet, the amendment was intended to correct a "clerical error"). The Trustee objected to the federal IRA exemption, asserting that the IRA did not meet the requirements of § 522(d)(10)(E)

and was not reasonably necessary for the support of Debtor or his dependants.

Before Trustee's Objection could be addressed by the Court, Debtor filed a second amended schedule C. In that amendment, filed on July 30, 2004, Debtor changed his exemptions from federal to state, and claimed his IRA exempt under M.C.L. § 600.6023(1)(k). The Trustee filed the present objection asserting that Michigan's IRA exemption statute is preempted by the Employment Retirement Income Security Act of 1974 (ERISA) and that Debtor's state IRA exemption should be denied.

### Jurisdiction

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B)(allowance or disallowance of claims and exemptions).

### Analysis

The Debtor seeks to exempt his IRA in the amount of $16,075 under the Michigan exemptions. The Michigan IRA exemption is found at M.C.L § 600.6023(k)(1). That section states in relevant part:

> (1) The following property of the debtor and the debtor's dependents shall be exempt from levy and sale under any execution:
>
> . . .
>
> **(k) An individual retirement account or individual retirement annuity as defined in section 408 or 408a of the internal revenue code of 1986 [26 U.S.C. §§ 408 and 408(a)] and the payments or distributions from such an account or annuity. This exemption applies to the operation of the federal bankruptcy code as permitted by section 522(b)(2) of title 11 of the United States Code, 11 U.S.C. § 522.** This exemption does not apply to any amounts contributed to an individual retirement account or individual retirement annuity if the contribution occurs within 120 days before the debtor files for bankruptcy . . .

The parties have not raised the issue of the nature of the IRA and the court is assuming that the IRA is a tax qualified IRA within the meaning of 26 U.S.C. § 408 or 408(a) of the code.

### I. Trustee's Argument

In support of his contention that the Michigan exemption statute relates to an employee benefit plan and is preempted by ERISA, Trustee relies on *Lampkins v. Golden*, 28 Fed.Appx. 409 (6th Cir.2002), an unpublished Sixth Circuit case. In that case, the plaintiff, a secretary in a Michigan law firm, won judgments against her employer for accrued benefits in her employer's profit sharing and pension plans. Her employer, a lawyer, refused to pay claiming he had no assets or income. Plaintiff discovered that the employer had placed some of his assets in a simplified employee pension (SEP), under 26 U.S.C. § 408(k). Plaintiff attempted to garnish the SEP in an effort to collect her judgments. The district court granted summary judgment to plaintiff and defendant argued to the Sixth Circuit that the SEP was exempt from garnishment under both state and federal law.

In affirming the district court, the Sixth Circuit held, in part, that the Michigan exemption statute was preempted by ERISA. Specifically, the appellate court relied on the district court's opinion that "because Mich. Comp. Laws. Ann. § 600.6023(1) exempts all § 408 individual retirement pension plans from garnishment, while ERISA would allow garnishment of those funds, the Michigan statute

clearly 'relates to' or has a 'connection with' the subject ERISA plan.... [A]s a result, the Michigan statute was preempted." *Lampkins,* 28 Fed.Appx. at 415.

While the *Lampkins* opinion holds that the Michigan exemption statute is preempted by ERISA in the context of a state court garnishment action, the Trustee's reliance on it in the bankruptcy context is misplaced. First, *Lampkins* is an unpublished decision. Unpublished decisions are not binding precedent, although they may be persuasive in the absence of controlling authority. *See* 6th Cir. R. 28(g); *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 201 n. 2 (6th Cir. BAP 1998).[1]

Even if the decision in *Lampkins* was binding on this Court, the context in which the case arose is significant. *Lampkins* was not a bankruptcy case. The Sixth Circuit in that case was not faced with the limitations to ERISA's preemption provision imposed by the "savings clause." 29 U.S.C. § 1144(d).

## II. *Implications of ERISA's Savings Clause*

ERISA's savings clause states that ERISA "shall not be construed to alter, amend, modify, invalidate, impair or supersede any law of the United states..." 11 U.S.C. § 1144(d). While ERISA may preempt state law, it does not supersede or invalidate federal law, including bankruptcy law. *Sterling Die Casting Co., Inc. v. Local 365 UAW Welfare and Pension Fund (In re Sterling Die Casting Co., Inc.),* 118 B.R. 205, 208 (Bankr.E.D.N.Y. 1990)("ERISA's specific provision [referring to § 1144(d)] precluding interferences with the operation of federal law, renders the Bankruptcy Code superior and therefore effective over any ERISA provision to the contrary.").

The reach of ERISA's savings clause was recognized by the U.S. Supreme Court in *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). In that case, the Supreme Court held that § 1144(d) clause saves from preemption state laws which enforce federal legislation. *Shaw,* 463 U.S. at 102, 103 S.Ct. 2890 (ERISA does not preempt part of New York's fair employment law because of the state law's significant role in the enforcement of Title VII's statutory scheme). Because state exemption statutes play a significant role in enforcing and implementing a federal statutory scheme, the bankruptcy code, they are not necessarily preempted. *Heitkamp v. Dyke (In re Dyke),* 943 F.2d 1435, 1449 (5th Cir. 1991). ("Like Title VII, the Bankruptcy Code relies on state law to assist in the implementation and enforcement of its goals.").[2]

This Court holds that cases decided in the context of a bankruptcy provide better guidance as to how to resolve the bankruptcy Trustee's objection to the use of state exemptions. In *In re Buzza,* 287 B.R. 417 (Bankr.S.D.Ohio 2002), Debtor

---

1. The only cases located which have discussed or cited *Lampkins* are from bankruptcy courts in Ohio. Of those cases, only one follows *Lampkins.* The others reject its reasoning based on: (1) ERISA's savings clause and (2) the differences between the Michigan exemption statute and the Ohio exemption statute.

2. That decision was abrogated by *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) on grounds related to whether ERISA qualified plans with anti-alienation provisions are excluded from property of the debtor's estate under 11 U.S.C. § 541(c)(2). This abrogation does not effect the validity of the Fifth Circuit's reasoning relating to ERISA's savings clause and its impact on state exemption statutes in bankruptcy.

exempted his IRA under the Ohio exemption statute and the Trustee objected, relying on the *Lampkins* case. The court rejected the Trustee's argument, relying in large part on the savings clause in ERISA. The court stated:

> By allowing states to "opt-out" of the list of federal exemptions in favor of those created under state law, Congress clearly contemplated the important role state exemption statutes would play in bankruptcy. *See* 11 U.S.C. § 522(b). Thus the Fifth, Eighth, and Eleventh Circuits, when faced with this issue, have concluded that ERISA does not preempt state law exemptions for employee benefit plans relied upon by debtors in bankruptcy cases. *Dyke*, 943 F.2d at 1449–50; *Schlein v. Mills (In re Schlein)*, 8 F.3d 745, 753 (11th Cir.1993)(explaining that Congress did not intend the ERISA preemption provision to "ride roughshod over other areas of federal legislation, whether it be Title VII, the Bankruptcy Code, or other comprehensive schemes"); *Checkett v. Vickers (In re Vickers)*, 954 F.2d 1426, 1429 (8th Cir. 1992).

*In re Buzza*, 287 B.R. 417, 423 (Bankr. S.D.Ohio 2002). *See generally, Rhodes v. Stewart*, 705 F.2d 159, 163 (6th Cir. 1983)(states are vested with "the ultimate authority to determine their own bankruptcy exemptions"); *Storer v. French*, 58 F.3d 1125, 1128 (6th Cir.1995)("the states are empowered to create whatever exemptions they elect, even if they are less inclusive (or more restrictive) than the exemptions afforded debtors by the federal exemption scheme.")

Another case which deals directly with the issue of preemption in the context of whether ERISA was intended to preempt exemptions otherwise permissible under the bankruptcy code is *In re Fixel*, 286

B.R. 638 (Bankr.N.D.Ohio 2002). In that case, the court stated:

> Section 522 of the Bankruptcy Code provides that states may choose to "opt out" of the federal scheme and enact their own exemption statutes. If Congress's intent was to preempt *all* state exemptions in IRAs, it would have eliminated all references to such accounts in Section 522 and forbade states from enacting their own statutes. Simply stated, the Congress, in this instance, has deliberately left room for state regulation in exemptions. Notedly, Section 522(d) does not make a reference to preemption. Additionally, the ERISA savings clause provides that preemption "shall not be construed to alter, amend, modify, invalidate, impair, or supercede any law of the United States ... or any rule or regulation issued under such law." 29 U.S.C. § 1144(d).

*In re Fixel* 286 B.R. at 644. The court went on to note that to interpret ERISA as preempting Ohio's exemption statute ignores Congressional intent in enacting the Bankruptcy Code:

> To give ERISA the broad application the Trustee here suggests, would frustrate the fundamental purpose of bankruptcy—to give an honest but unfortunate financially distressed debtor a fresh start. Indeed, the Supreme Court cautioned against an unduly broad application of the ERISA statutes in *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825[, 108 S.Ct. 2182, 100 L.Ed.2d 836] (1988).

*In re Fixel*, 286 B.R. at 644.

Because ERISA's savings clause expressly prevents it from preempting other federal statutory schemes (in this case, the Bankruptcy Code), and the Bankruptcy Code expressly invites states to regulate exemptions, ERISA cannot be read to preempt the Michigan exemption statute

in a bankruptcy proceeding. The Trustee's Objection is denied.

### Conclusion

For the reasons stated in this Opinion, Trustee's Objection to Debtor's Amended Claim of Exemption is DENIED.